UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No. 1:22-CV-478

| | |
|---|---|
| HAYDEN SCOTT ROSE,<br><br>**Plaintiff**<br><br>v.<br><br>PRESQUE ISLE VILLAS<br>CONDOMINIUM HOMEOWNERS<br>ASSOCIATION, Inc., PRESQUE ISLE<br>VILLAS CONDOMINIUM<br>HOMEOWNERS ASSOCIATION, Inc.,<br>BOARD OF DIRECTORS, COMMUNITY<br>ASSOCIATION MANAGEMENT, Ltd.,<br>and BAGWELL HOLT SMITH, P. A.,<br><br>**Defendants** | **ANSWER TO AMENDED COMPLAINT,<br>AFFIRMATIVE DEFENSES,<br>AND COUNTERCLAIM** |

**ANSWER TO AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

**ANSWER**

AND NOW COME Defendants, Presque Isle Villas Condominium Homeowners

Association, Inc. (hereinafter "Association"), Presque Isle Villas Condominium

Homeowners Association, Inc., Board of Directors (hereinafter "Association Board"), and

Community Association Management, Limited, incorrectly identified in the caption as "Ltd."

(hereinafter "Association Management") by Michele F. Eagle, Esquire, and Dickie, McCamey

& Chilcote, P.C., and, for their Answer to Plaintiff's Amended Complaint, aver as follows:

## I.    **PRELIMINARY STATEMENT**

1.    The allegations of the Preliminary Statement to Plaintiff's Amended Complaint are denied insofar as Plaintiff's Amended Complaint fails to state a cause of action. Defendants deny each and every allegation of the Amended Complaint not specifically and expressly admitted herein.

## II.    **JURISDICTION AND VENUE**

2.    The allegations of Paragraph 2 of Plaintiff's Amended Complaint are admitted.

3.    The allegations of Paragraph 3 of Plaintiff's Amended Complaint are admitted.

## III.    **PARTIES**

4.    Defendants incorporate the averments of Paragraphs 1-3 of the within Answer as if the same were fully set forth at length in their entirety.

5.    The allegations of Paragraphs 5 a.-d. of Plaintiff's Amended Complaint are admitted. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 e. Mr. Rose's current listed voting address is 301 Edgeland Drive, Matthews, NC 28105.

6.    The allegations of Paragraph 6 a. of Plaintiff's Amended Complaint are denied. Defendant Association is a not-for-profit corporation. The allegations of Paragraphs 6 b.-c. of Plaintiff's Amended Complaint are admitted. The allegations of Paragraph 6d. are denied insofar as the Plaintiff implies that the parties, including Plaintiff and Defendant Association, are governed exclusively by the Declaration. The parties are also governed by the North Carolina Condominium Act including but not limited to §§ 47C-3-107, 47-C-3-115(b), and 47C-3-115(c) and Association By-Laws.

7.    The allegations of Paragraph 7 of the Plaintiff's Amended Complaint are admitted.

2

8.      The allegations of Paragraph 8 of the Plaintiff's Amended Complaint are admitted in

part and denied in part.  The allegations are denied insofar as Plaintiff has failed to

identify a relevant time period.  It is admitted that, at various times, the individuals

identified in Paragraph 8 a. of Plaintiff's Amended Complaint served on the

Association Board.  The allegations of Paragraphs 8 b.-d. of Plaintiff's Amended

Complaint are admitted.

9.      The allegations of Paragraph 9 of Plaintiff's Amended Complaint are denied.

10.     The allegations of Paragraph 10 a. of Plaintiff's Amended Complaint are denied.

Defendant Association Management is a corporation.  The allegations of Paragraphs

10 c.-e. are admitted.  The allegations of Paragraph 10 b. are denied.

11.     The allegations of Paragraph 11 of Plaintiff's Amended Complaint are admitted.

12.     The allegations of Paragraph 12 of Plaintiff's Amended Complaint are directed

against a party other than these answering Defendants, and accordingly, no

responsive pleading is required.

13.     The allegations of Paragraph 13 of Plaintiff's Amended Complaint are directed

against a party other than these answering Defendants, and accordingly, no

responsive pleading is required.

14.     The allegations of Paragraph 14 of Plaintiff's Amended Complaint are admitted.

### IV.      FACTUAL ALLEGATIONS

15.     Defendants incorporate the averments of Paragraphs 1-14 of the within Answer as if

the same were fully set forth at length in their entirety.

16.     The allegations of Paragraph 16 of Plaintiff's Amended Complaint are admitted.

17. The allegations of Paragraph 17 of Plaintiff's Amended Complaint are denied as stated. The correct description of the construction project is set forth in the Association Management's correspondence to Plaintiff dated October 20, 2020, attached hereto as Exhibit "A and incorporated herein by reference as if the same were set forth at length in their entirety.

18. The allegations of Paragraph 18 of Plaintiff's Amended Complaint are denied. To the contrary, the October 20, 2020, correspondence attached hereto as Exhibit "A" accurately describes the work.

19. The allegations of Paragraph 19 of Plaintiff's Amended Complaint are admitted.

20. The allegations of Paragraph 20 of Plaintiff's Amended Complaint are denied. The October 20, 2020, correspondence attached hereto as Exhibit "A" identifies a contractor.

21. The allegations of Paragraph 21 of Plaintiff's Amended Complaint are denied insofar as The Pro Fixer is a licensed contractor authorized to make repairs as outlined in Exhibit "A."

22. The allegations of Paragraph 22 of Plaintiff's Amended Complaint are denied.

23. The allegations of Paragraph 23 of Plaintiff's Amended Complaint are denied.

24. The allegations of Paragraph 24 of Plaintiff's Amended Complaint are denied as stated. The November 30, 2020, Association Management communication attached hereto as Exhibit "B" to the Answer is incorporated by reference as if the same were set forth at length in its entirety.

25. The allegations of Paragraph 25 of Plaintiff's Amended Complaint are denied as stated. The November 30, 2020, Association Management communication attached

4

hereto as Exhibit "B" to the Answer is incorporated by reference as if the same were set forth at length in its entirety.

26. The allegations of Paragraph 26 of Plaintiff's Amended Complaint are denied, and to the contrary, the November 30, 2020, email correctly states that the Association is authorized to dispatch the work and that the owner, Plaintiff, is responsible for payment.

27. The allegations of Paragraph 27 of Plaintiff's Amended Complaint are admitted.

28. The allegations of Paragraph 28 of Plaintiff's Amended Complaint are denied, and to the contrary, Plaintiff is obligated to pay for the work identified in Exhibit "A."

29. The allegations of Paragraph 29 of Plaintiff's Amended Complaint are denied as stated because Plaintiff implies that such work should have been included in Association's budgets. Association is not required to anticipate, or otherwise speculate, as to the obligations of condominium owners for unanticipated work, and accordingly, the allegations are denied. The work to be performed would not be included in a budget and/or subject to ratification. The work identified in Exhibit "A" would not be, in any event, included in the budget.

30. The allegations of Paragraph 30 of Plaintiff's Amended Complaint are denied as stated. Plaintiff and all owners, including Plaintiff, are responsible for the cost of additions not part of the original structure and/or a change in the structure based on the scope of the project as outlined by the vendor. See Declaration and First Amendment attached as Exhibit "C", the North Carolina Condominium Act, and Maintenance Responsibilities Checklist attached to the Community Handbook as more fully set forth below. As outlined in Exhibit "A", the installation of the gutter

5

and exterior wall provides for the diversion of the water from the entry into Plaintiff's condominium, and accordingly, Plaintiff is responsible for all such costs.

31. The allegations of Paragraph 31 of Plaintiff's Amended Complaint are denied as stated, and by way of further Answer, the averments of Paragraph 30 of the Answer are incorporated by reference.

32. The allegations of Paragraph 32 of Plaintiff's Amended Complaint are denied, and by way of further Answer, the averments of Paragraph 30 of the Answer are incorporated by reference.

33. The allegations of Paragraph 33 of Plaintiff's Amended Complaint are denied, and by way of further Answer, the averments of Paragraph 30 of the Answer are incorporated by reference.

34. The allegations of Paragraph 34 of Plaintiff's Amended Complaint are denied insofar as Plaintiff incorrectly states that Plaintiff was not required under contract or law to pay for the work. To the contrary, Plaintiff is required to pay for the work as outlined in Exhibit "A" pursuant to the Declaration, Exhibit "C", the provisions of the North Carolina Condominium Act, and the Maintenance Responsibilities Checklist attached to the Community Handbook.

35. The allegations of Paragraph 35 of Plaintiff's Amended Complaint are ambiguous. Insofar as the allegations may imply that Plaintiff is not responsible for payment of the work as described in Exhibit "A", said allegations are denied.

36. The allegations of Paragraph 36 of Plaintiff's Amended Complaint are denied as stated. Association's communication of December 15, 2020, is attached hereto as

6

Exhibit "D" and is incorporated by reference as if the same were set forth in its entirety.

37.   The allegations of Paragraph 37 of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted that Attorney Tomchin forwarded a letter; however, Mr. Tomchin's statements in his letter are incorrect in fact and in law.

38.   The allegations of Paragraph 38 of Plaintiff's Amended Complaint are denied.

39.   The allegations of Paragraph 39 of Plaintiff's Amended Complaint are denied as stated.  The correspondence of December 28, 2020, is attached hereto as Exhibit "E" and the contents of the correspondence are incorporated by reference as if the same were set forth in their entirety.

40.   The allegations of Paragraph 40 of Plaintiff's Amended Complaint are ambiguous. To the extent that Plaintiff implies that Attorney Ganley and Association incorrectly stated Plaintiff's obligations, the allegations of Paragraph 40 of Plaintiff's Amended Complaint are denied.

41.   The allegations of Paragraph 41 of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted that Association authorized the work to be performed as outlined in Exhibit "A."  It is denied that Defendants "began a collections campaign which violated various collection laws, as demonstrated *infra*."

42.   The allegations of Paragraph 42 of Plaintiff's Amended Complaint are denied as stated.  The Board discussed issues concerning Unit 308 as set forth in the April 21, 2021 Minutes of the Board Meeting attached hereto as Exhibit "F."

7

43.     The allegations of Paragraph 43 of Plaintiff's Amended Complaint are denied as stated.  Exhibit "F" is an accurate recitation of the discussion concerning an owner's breach of the requirements of the Declaration.

44.     The allegations of Paragraph 44 of Plaintiff's Amended Complaint are denied as stated.  Exhibit "F" is an accurate recitation of the discussion concerning an owner's breach of the requirements of the Declaration.

45.     The allegations of Paragraph 45 of Plaintiff's Amended Complaint are denied as stated insofar as Plaintiff implies that a person who is not a member of the Board of Directors is not permitted to attend Board Meetings.

46.     The allegations of Paragraph 46 of Plaintiff's Amended Complaint are denied as stated.  To the extent Association made any person aware of a pending debt collection against any Owner, including Plaintiff, Plaintiff authorized and agreed to such notification.

47.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.  To the extent Plaintiff alleges there was "public viewing" of any document related to Plaintiff's breach of contract, the allegations are denied.  At the time, Association Board and Association authorized minutes of Board Meetings to be made available to Association members in the Association Clubhouse.

48.     The allegations of Paragraph 48 of Plaintiff's Amended Complaint are denied as stated.  The minutes of the meeting are attached as Exhibit "F."

8

49.    The allegations of Paragraph 49 of Plaintiff's Amended Complaint are denied as stated.  The Association initiated a collection process for the work described in Exhibit "A."

50.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

51.    The allegations of Paragraph 51 of Plaintiff's Amended Complaint are denied as stated.  A true and correct copy of the May 17, 2021, Association Management's letter is attached as Exhibit "G" and the contents of the letter are incorporated by reference as if the same were set forth in its entirety.

52.    The allegations of Paragraph 52 of Plaintiff's Amended Complaint are denied as stated.  A true and correct copy of the May 17, 2021, Association Management's letter is attached as Exhibit "G" and the contents of the letter are incorporated by reference as if the same were set forth in its entirety.

53.    The allegations of Paragraph 53 of Plaintiff's Amended Complaint are denied as stated.  A true and correct copy of the May 17, 2021, Association Management's letter is attached as Exhibit "G" and the contents of the letter are incorporated by reference as if the same were set forth in its entirety.

54.    The allegations of Paragraph 54 of Plaintiff's Amended Complaint are denied as stated.  A true and correct copy of the May 17, 2021, Association Management's letter is attached as Exhibit "G" and the contents of the letter are incorporated by reference as if the same were set forth in its entirety.

55.    The allegations of Paragraph 55 of Plaintiff's Amended Complaint are denied.

56. The allegations of Paragraph 56 of Plaintiff's Amended Complaint are denied as stated. It is admitted that Plaintiff erroneously claimed that he was not liable for the cost of the work as outlined in Exhibit "A."

57. The allegations of Paragraph 57 of Plaintiff's Amended Complaint are denied as stated. Plaintiff's June 17, 2021 communication erroneously requests that Association, to the detriment of all other owners, provide special consideration for Plaintiff where no special consideration is warranted or allowed by the Declaration.

58. The allegations of Paragraph 58 of Plaintiff's Amended Complaint are denied as stated because Plaintiff has incorrectly characterized the contents of co-defendant, Bagwell Holt Smith, P.A.'s (hereinafter "BHS") June 22, 2021 letter.

59. The allegations of Paragraph 59 of Plaintiff's Amended Complaint are denied as stated because Plaintiff has incorrectly characterized the contents of co-defendant, BHS's June 22, 2021 letter.

60. The allegations of Paragraph 60 of Plaintiff's Amended Complaint are denied as stated because Plaintiff has incorrectly characterized the contents of co-defendant, BHS's June 22, 2021 letter.

61. The allegations of Paragraph 61 of Plaintiff's Amended Complaint are denied. Defendants did not threaten Plaintiff at any time.

62. The allegations of Paragraph 62 of Plaintiff's Amended Complaint are denied as stated. The July 2, 2021, Association Management communication is attached hereto as Exhibit "H." The communication is incorporated by reference as if the same were set forth at length in its entirety.

63. The allegations of Paragraph 63 of Plaintiff's Amended Complaint are denied.

64. The allegations of Paragraph 64 of Plaintiff's Amended Complaint are denied as stated. Plaintiff was not, at any time, threatened by Defendants. Defendants, notified Plaintiff, repeatedly, that Plaintiff was in violation of the Declaration and that Plaintiff was liable for all assessments associated with the work to be performed as outlined in Exhibit "A." The averments of Paragraph 62 of the Answer are incorporated by reference as if the same were set forth at length in its entirety.

65. The allegations of Paragraph 65 of Plaintiff's Amended Complaint are denied as stated. The averments of the answer to Paragraph 64 are incorporated by reference as if the same were set forth at length in its entirety as is the July 1, 2021, communication, Exhibit "H." Plaintiff was not, at any time, threatened by Defendants.

66. The allegations of Paragraph 66 of Plaintiff's Amended Complaint are denied.

67. The allegations of Paragraph 67 of Plaintiff's Amended Complaint are denied as stated. The July 2, 2021 Association Management communication attached hereto as Exhibit "I" and is incorporated by reference as if the same were set forth at length in its entirety.

68. The allegations of Paragraph 68 of Plaintiff's Amended Complaint are denied.

69. The allegations of Paragraph 69 of Plaintiff's Amended Complaint are denied as stated. It is admitted that Plaintiff refused to honor his obligations.

70. The allegations of Paragraph 70 of Plaintiff's Amended Complaint are denied in part. Plaintiff mischaracterized the content of the email communication regarding conditional payment.

11

71. The allegations of Paragraph 71 of Plaintiff's Amended Complaint are denied as stated. Association, on advice of counsel, did not agree to Plaintiff's conditional terms.

72. The allegations of Paragraph 72 of Plaintiff's Amended Complaint are denied, and to the contrary, the debt was due and owing.

73. The allegations of Paragraph 73 of Plaintiff's Amended Complaint are denied as stated. Association Management's correspondence of August 2, 2021 is attached hereto as Exhibit "J" and is incorporated by reference as if the same were set forth at length in its entirety.

74. The allegations of Paragraph 74 of Plaintiff's Amended Complaint are admitted in part and denied in part. Work was performed on several other Association units.

75. The allegations of Paragraph 75 of Plaintiff's Amended Complaint are denied. The August 2, 2021, correspondence, attached as Exhibit "J" above, is incorporated by reference as if the same were set forth at length in its entirety.

76. The allegations of Paragraph 76 of Plaintiff's Amended Complaint are denied.

77. The allegations of Paragraph 77 of Plaintiff's Amended Complaint are denied.

78. The allegations of Paragraph 78 of Plaintiff's Amended Complaint are denied as stated. The email correspondence dated August 18, 2021 attached as Exhibit "K" is incorporated by reference as if the same were set forth at length in its entirety.

79. The allegations of Paragraph 79 of Plaintiff's Amended Complaint are denied.

80. The allegations of Paragraph 80 of Plaintiff's Amended Complaint are denied as stated. The correspondence dated August 30, 2021 and invoice dated August 25,

2021 are attached hereto as Exhibit "L" and are incorporated by reference as if the same were set forth at length in their entirety.

81.     The allegations of Paragraph 81 of Plaintiff's Amended Complaint are denied as stated.  Exhibit "L" is incorporated by reference as if the same were set forth at length in its entirety.

82.     The allegations of Paragraph 82 of Plaintiff's Amended Complaint are denied.

83.     The allegations of Paragraph 83 of Plaintiff's Amended Complaint are denied as stated.  The correspondence dated August 30, 2021, identified as Exhibit "L" and attached hereto is incorporated by reference as if the same were set forth at length in its entirety.

84.     The allegations of Paragraph 84 of Plaintiff's Amended Complaint are denied as stated.  The correspondence dated August 30, 2021, identified as Exhibit "L" and attached hereto is incorporated by reference as if the same were set forth at length in its entirety.

85.     The allegations of Paragraph 85 of Plaintiff's Amended Complaint are denied as stated.  The correspondence dated August 30, 2021, identified as Exhibit "L" and attached hereto is incorporated by reference as if the same were set forth in its entirety.

86.     The allegations of Paragraph 86 of Plaintiff's Amended Complaint, improper characterizations of Exhibit "L", are denied as stated.  It is admitted that the correspondence was sent by email.

Case 1:22-cv-00478-WO-JEP   Document 9   Filed 08/02/22   Page 13 of 38

87. The allegations of Paragraph 87 of Plaintiff's Amended Complaint are denied as stated. Exhibit "L" is incorporated by reference as if the same were set forth in its entirety.

88. The allegations of Paragraph 88 of Plaintiff's Amended Complaint are denied as stated. Exhibit "L" speaks for itself and is incorporated by reference as if the same were set forth in its entirety.

89. The allegations of Paragraph 89 of Plaintiff's Amended Complaint are denied.

90. The allegations of Paragraph 90 of Plaintiff's Amended Complaint are denied.

91. The allegations of Paragraph 91 of Plaintiff's Amended Complaint are denied as stated. The September 1, 2021, correspondence is attached hereto as Exhibit "M" and is incorporated by reference as if the same were set forth at length in its entirety.

92. The allegations of Paragraph 92 of Plaintiff's Amended Complaint are denied as stated. The September 1, 2021 correspondence, Exhibit "M", is incorporated by reference as if the same were set forth at length in its entirety.

93. The allegations of Paragraph 93 of Plaintiff's Amended Complaint are denied.

94. The allegations of Paragraph 94 of Plaintiff's Amended Complaint are denied as stated. The correspondence dated September 1, 2021, Exhibit "M", is incorporated by reference as if the same were set forth at length in its entirety.

95. The allegations of Paragraph 95 of Plaintiff's Amended Complaint are denied. Defendants did not threaten Plaintiff at any time.

96. The allegations of Paragraph 96 of Plaintiff's Amended Complaint are denied as stated. The correspondence dated September 1, 2021, Exhibit "M", is incorporated

by reference as if the same were set forth at length in its entirety. Defendants did not threaten Plaintiff at any time.

97.   The allegations of Paragraph 97 of Plaintiff's Amended Complaint are denied.

98.   The allegations of Paragraph 98 of Plaintiff's Amended Complaint are denied.

99.   The allegations of Paragraph 99 of Plaintiff's Amended Complaint are denied. Defendants did not threaten Plaintiff at any time.

100.   The allegations of Paragraph 100 of Plaintiff's Amended Complaint are denied as stated. Plaintiff's email correspondence of September 8, 2021, is attached hereto as Exhibit "N" and is incorporated by reference as if the same were set forth at length in its entirety.

101.   The allegations of Paragraph 101 of Plaintiff's Amended Complaint are denied as stated. Plaintiff's email correspondence of September 8, 2021, is attached hereto as Exhibit "N" and is incorporated by reference as if the same were set forth at length in its entirety.

102.   The allegations of Paragraph 102 of Plaintiff's Amended Complaint are denied because Plaintiff has mischaracterized the contents of Director Gazdzinska's email correspondence.

103.   The allegations of Paragraph 103 of Plaintiff's Amended Complaint are denied as stated. Plaintiff's email response is attached hereto as Exhibit "O" and is incorporated by reference as if the same were set forth at length in its entirety.

104.   The allegations of Paragraph 104 of Plaintiff's Amended Complaint are denied because Plaintiff has mischaracterized the contents of Director Gazdzinska's email correspondence.

15

105.   The allegations of Paragraph 105 of Plaintiff's Amended Complaint are incomprehensive, and accordingly, said allegations are denied.

106.   The allegations of Paragraph 106 of Plaintiff's Amended Complaint are denied as stated.  Association Management's correspondence of October 5, 2021 attached hereto as Exhibit "O" is incorporated by reference as if the same were set forth at length in its entirety.

107.   The allegations of Paragraph 107 of Plaintiff's Amended Complaint are admitted. Exhibit "P" attached hereto is incorporated by reference as if the same were set forth at length in its entirety.

108.   The allegations of Paragraph 108 of Plaintiff's Amended Complaint are denied.

109.   The allegations of Paragraph 109 of Plaintiff's Amended Complaint are admitted. Exhibit "O" is incorporated by reference as if the same were set forth at length in its entirety.

110.   The allegations of Paragraph 110 of Plaintiff's Amended Complaint are denied.

111.   The allegations of Paragraph 111 of Plaintiff's Amended Complaint are denied as stated.  Exhibit "O" is incorporated by reference as if the same were set forth at length in its entirety.

112.   The allegations of Paragraph 112 of Plaintiff's Amended Complaint are denied as stated.  Exhibit "O" is incorporated by reference as if the same were set forth at length in its entirety.

113.   The allegations of Paragraph 113 of Plaintiff's Amended Complaint are denied.

114. The allegations of Paragraph 114 of Plaintiff's Amended Complaint are denied as stated. Exhibit "O", is incorporated by reference as if the same were set forth at length in its entirety. It is denied Defendants threatened Plaintiff at any time.

115. The allegations of Paragraph 115 of Plaintiff's Amended Complaint are denied

116. The allegations of Paragraph 116 of Plaintiff's Amended Complaint are denied as stated. It is denied Defendants threatened Plaintiff at any time.

117. The allegations of Paragraph 117 of Plaintiff's Amended Complaint are denied. Exhibit "O" is incorporated by reference as if the same were set forth at length in its entirety.

118. The allegations of Paragraph 118 of Plaintiff's Amended Complaint are denied as stated. Exhibit "O" is incorporated by reference as if the same were set forth at length in its entirety.

119. The allegations of Paragraph 119 of Plaintiff's Amended Complaint are admitted.

120. The allegations of Paragraph 120 of Plaintiff's Amended Complaint are admitted.

121. The allegations of Paragraph 121 of Plaintiff's Amended Complaint are admitted.

122. The allegations of Paragraph 122 of Plaintiff's Amended Complaint are denied.

123. The allegations of Paragraph 123 of Plaintiff's Amended Complaint are denied.

124. The allegations of Paragraph 124 of Plaintiff's Amended Complaint are admitted.

125. The allegations of Paragraph 125 of Plaintiff's Amended Complaint are admitted.

126. The allegations of Paragraph 126 of Plaintiff's Amended Complaint are denied. BHS did not threaten Plaintiff.

127. The allegations of Paragraph 127 of Plaintiff's Amended Complaint are admitted.

128. The allegations of Paragraph 128 of Plaintiff's Amended Complaint are denied.

129. The allegations of Paragraph 129 of Plaintiff's Amended Complaint are denied.

130. The allegations of Paragraph 130 of Plaintiff's Amended Complaint are admitted.

131. The allegations of Paragraph 131 of Plaintiff's Amended Complaint are admitted.

132. The allegations of Paragraph 132 of Plaintiff's Amended Complaint are admitted.

133. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth Plaintiff's October 27, 2021, email, and accordingly, the allegations of Paragraph 133 of Plaintiff's Amended Complaint are denied.

134. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth Plaintiff's October 27, 2021, email, and accordingly, the allegations of Paragraph 134 of Plaintiff's Amended Complaint are denied.

135. On information and belief, Defendants admit the allegations of Paragraph 135 of Plaintiff's Amended Complaint.

136. On information and belief, Defendants admit the allegations of Paragraph 136 of Plaintiff's Amended Complaint.

137. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

138. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

139. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

140. On information and belief, Defendants admit the allegations of Paragraph 140 of Plaintiff's Amended Complaint.

141. The allegations of Paragraph 141 of Plaintiff's Amended Complaint are denied.

142. The allegations of Paragraph 142 of Plaintiff's Amended Complaint are denied. Defendants, at all times, informed Plaintiff of Defendants' right to collect the fees due and owing as a result of Plaintiff's breach of the Declaration. Defendants did not threaten Plaintiff at any time.

143. The allegations of Paragraph 143 of Plaintiff's Amended Complaint are denied as stated. On information and belief, it is admitted BHS requested payment due and owing.

144. The allegations of Paragraph 144 of Plaintiff's Amended Complaint are denied.

145. The allegations of Paragraph 145 of Plaintiff's Amended Complaint are denied.

146. The allegations of Paragraph 146 of Plaintiff's Amended Complaint are denied insofar as Plaintiff requested information regarding "undisputed amount of assessments" because there is no dispute concerning Plaintiff's assessments as set forth in the Answer.

147. On information and belief, the allegations of Paragraph 147 of Plaintiff's Amended Complaint are denied. Defendants repeatedly informed Plaintiff of his assessments due and owing.

19

148. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

149. The allegations of Paragraph 149 of Plaintiff's Amended Complaint are denied as stated. Association Management's December 10, 2021 correspondence attached hereto as Exhibit "Q" is incorporated by reference as if the same were set forth at length in its entirety.

150. The allegations of Paragraph 150 of Plaintiff's Amended Complaint are denied as stated. Association Management's December 10, 2021, correspondence attached hereto as Exhibit "Q" is incorporated by reference as if the same were set forth at length in its entirety.

151. The allegations of Paragraph 149 of Plaintiff's Amended Complaint are denied as stated. Association Management's December 10, 2021, correspondence attached hereto as Exhibit "Q" is incorporated by reference as if the same were set forth at length in its entirety.

152. The allegations of Paragraph 152 of Plaintiff's Amended Complaint are denied.

153. The allegations of Paragraph 153 of Plaintiff's Amended Complaint are denied as stated. Association Management's December 10, 2021, correspondence  attached hereto as Exhibit "Q" is incorporated by reference as if the same were set forth at length in its entirety. No threats were made by Defendants.

154. The allegations of Paragraph 154 of Plaintiff's Amended Complaint are denied as stated. Association Management's December 10, 2021, correspondence attached

hereto as Exhibit "Q" is incorporated by reference as if the same were set forth at length in its entirety.

155. The allegations of Paragraph 155 of Plaintiff's Amended Complaint are admitted insofar as a foreclosure action has not been filed.

156. The allegations of Paragraph 156 of Plaintiff's Amended Complaint are denied as stated. Association Management's December 10, 2021, correspondence attached hereto as Exhibit "Q" is incorporated by reference as if the same were set forth at length in its entirety. No threats were made by Defendants.

157. The allegations of Paragraph 157 of Plaintiff's Amended Complaint are admitted.

158. The allegations of Paragraph 158 of Plaintiff's Amended Complaint are denied because Defendants did not, at any time, threaten Plaintiff.

159. The allegations of Paragraph 159 of Plaintiff's Amended Complaint are denied as stated.

160. The allegations of Paragraph 160 of Plaintiff's Amended Complaint are admitted.

161. The allegations of Paragraph 161 of Plaintiff's Amended Complaint are admitted.

162. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

163. The allegations of Paragraph 163 of Plaintiff's Amended Complaint are admitted.

164. The allegations of Paragraph 164 of Plaintiff's Amended Complaint are denied insofar as Association's Declaration and By Laws provide for prioritized payment of assessments before payment of any other fees due and owing.

21

165. The allegations of Paragraph 165 of Plaintiff's Amended Complaint are denied insofar as Plaintiff improperly conditioned payment for dues and not for assessments which assessments are prioritized for payment.

166. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

167. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

168. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

169. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

170. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

171. The allegations of Paragraph 171 of Plaintiff's Amended Complaint are denied. On information and belief, the statements allegedly made by Plaintiff in the March 11, 2022 email are incorrect insofar as Plaintiff had the means and wherewithal to pay the lien at any time.

172. The allegations of Paragraph 172 of Plaintiff's Amended Complaint are admitted.

173. The statements contained in Plaintiff's March 11, 2022, correspondence contradict Plaintiff's instructions and allegations throughout Plaintiff's Amended Complaint that Defendants should communicate solely with Plaintiff's counsel, and at no time were Plaintiff's instructions as outlined in Paragraphs 172 and 173 affirmed by Plaintiff's litigation counsel.

174. On information and belief, the allegations of Paragraph 174 of Plaintiff's Amended Complaint are admitted.

175. The allegations of Paragraph 175 of Plaintiff's Amended Complaint are admitted in part because Plaintiff's counsel was obligated to confirm Plaintiff's statements regarding Plaintiff's requested recipients of Defendants' communications insofar as Plaintiff had threatened legal proceedings against Defendants.

176. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

177. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

178. The allegations of Paragraph 178 of Plaintiff's Amended Complaint are denied because Plaintiff has mischaracterized the contents of the document.

179. The allegations of Paragraph 179 of Plaintiff's Amended Complaint are admitted.

180. The allegations of Paragraph 180 of Plaintiff's Amended Complaint are denied as stated. Plaintiff's review of Association Management on Google Reviews attached

hereto as Exhibit "R" is incorporated by reference as if the same were set forth at length in its entirety.

181. The allegations of Paragraph 181 of Plaintiff's Amended Complaint are denied as stated. Association Management's Google Post attached hereto as Exhibit "R" is incorporated by reference as if the same were set forth at length in its entirety.

182. The allegations of Paragraph 182 of Plaintiff's Amended Complaint are admitted.

183. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

184. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

185. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

186. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

187. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

188. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

189. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

190. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

191. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

192. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 of Plaintiff's Amended Complaint, and accordingly, said allegations are denied.

193. The allegations of Paragraph 193 of Plaintiff's Amended Complaint are denied because the entire Statute, not simply one excerpt, is relevant.

194. The allegations of Paragraph 194 of Plaintiff's Amended Complaint are denied.

195. The allegations of Paragraph 195 of Plaintiff's Amended Complaint are denied. Any payment by Plaintiff, pursuant to Association's Declaration and By-Laws, is prioritized and, accordingly, is applied to outstanding debt before credited to dues.

196. The allegations of Paragraph 196 of Plaintiff's Amended Complaint are denied insofar as Plaintiff alleges that the payment was for "normal dues."

25

197. The allegations of Paragraph 197 of Plaintiff's Amended Complaint are denied.

**V.      VIOLATIONS of N.C. GEN. STAT. § 75-50, et seq., as to PRESQUE and the BOARD**

198. Defendants incorporate the averments of Paragraphs 1-197 of the within Answer as if the same were fully set forth at length in their entirety herein.

199. The allegations of Paragraph 199 of Plaintiff's Amended Complaint are denied.

200. The allegations of Paragraph 200 of Plaintiff's Amended Complaint are denied.

201. The allegations of Paragraph 201 of Plaintiff's Amended Complaint are denied.

202. The allegations of Paragraph 202 of Plaintiff's Amended Complaint are denied.

203. The allegations of Paragraph 203 of Plaintiff's Amended Complaint are denied.

204. The allegations of Paragraph 204 of Plaintiff's Amended Complaint are denied.

205. The allegations of Paragraph 205 of Plaintiff's Amended Complaint are denied.

206. The allegations of Paragraph 206 of Plaintiff's Amended Complaint are denied.

**VI.      VIOLATIONS of N.C. GEN. STAT. § 58-70-90, et seq., as to CAM**

207. Defendants incorporate the averments of Paragraphs 1-206 of the within Answer as if the same were fully set forth at length in their entirety herein.

208. The allegations of Paragraph 208 of Plaintiff's Amended Complaint are denied.

209. The allegations of Paragraph 209 of Plaintiff's Amended Complaint are denied.

210. The allegations of Paragraph 210 of Plaintiff's Amended Complaint are denied.

211. The allegations of Paragraph 211 of Plaintiff's Amended Complaint are denied.

212. The allegations of Paragraph 212 of Plaintiff's Amended Complaint are denied.

213. The allegations of Paragraph 213 of Plaintiff's Amended Complaint are denied.

214. The allegations of Paragraph 214 of Plaintiff's Amended Complaint are denied.

215. The allegations of Paragraph 215 of Plaintiff's Amended Complaint are denied.

216.    The allegations of Paragraph 216 of Plaintiff's Amended Complaint are denied.

217.    The allegations of Paragraph 217 of Plaintiff's Amended Complaint are denied.

218.    The allegations of Paragraph 218 of Plaintiff's Amended Complaint are denied.

**VII.     VIOLATIONS of N.C. GEN. STAT. § 75-50, et seq., as to CAM (in the alternative)**

219.    Defendants incorporate the averments of Paragraphs 1-218 of the within Answer as
        if the same were fully set forth at length in their entirety herein.

220.    The allegations of Paragraph 220 of Plaintiff's Amended Complaint are not
        intelligible and require no response.  To the extent a response is required, the
        allegations of Paragraph 220 of Plaintiff's Amended Complaint are denied.

221.    The allegations of Paragraph 221 of Plaintiff's Amended Complaint are denied.

222.    The allegations of Paragraph 222 of Plaintiff's Amended Complaint are denied.

223.    The allegations of Paragraph 223 of Plaintiff's Amended Complaint are denied.

224.    The allegations of Paragraph 224 of Plaintiff's Amended Complaint are denied.

225.    The allegations of Paragraph 225 of Plaintiff's Amended Complaint are denied.

226.    The allegations of Paragraph 226 of Plaintiff's Amended Complaint are denied.

227.    The allegations of Paragraph 227 of Plaintiff's Amended Complaint are denied.

228.    The allegations of Paragraph 228 of Plaintiff's Amended Complaint are denied.

**VIII.     VIOLATIONS of the FAIR DEBT COLLECTIONS PRACTICES ACT as to BHS**

229. – 237.     The allegations of Paragraphs 229-237 are directed against BHS, and
        accordingly, no responsive pleading is required.

## IX.  **BREACH OF FIDUCIARY DUTY as to PRESQUE and the BOARD**

238.  Defendants incorporate the averments of Paragraphs 1-237 of the within Answer are incorporated by reference as if the same were fully set forth at length in their entirety herein.

239.  The allegations of Paragraph 239 of Plaintiff's Amended Complaint are admitted insofar as Plaintiff has correctly quoted a statement in a published case.

240.  The allegations of Paragraph 240 of Plaintiff's Amended Complaint are denied.  To the contrary, Defendants acted in good faith and with due regard to Plaintiff's interests at all times.

241.  The allegations of Paragraph 241 of Plaintiff's Amended Complaint are admitted as to Association and Board.  The allegations are denied as to Management.

242.  The allegations of Paragraph 242 of Plaintiff's Amended Complaint are admitted.

243.  The allegations of Paragraph 243 of Plaintiff's Amended Complaint are admitted.

244.  The allegations of Paragraph 244 of Plaintiff's Amended Complaint are denied.

245.  The allegations of Paragraph 245 of Plaintiff's Amended Complaint are denied as stated.  Section 47C-1-103(16) provides as follows:

> "Limited common element" means a portion of the common elements allocated by the declaration or by operation of G.S. 47C-2-102(2) or (4) for the exclusive use of one or more but fewer than all the units.

246.  The allegations of Paragraph 246 of Plaintiff's Amended Complaint are denied as stated.  Section 47C-3-107(a) states, in relevant part:

> Except as provided in G.S. 47C-3-113(h), the association is responsible for causing the common elements to be maintained, repaired, and replaced when necessary and to assess the unit owners as necessary to recover the costs of such maintenance, repair, or replacement except that the cost

28

of maintenance, repair or replacement of a limited common element shall be assessed as provided in G.S. 47C-3-115(b). Each unit owner shall is responsible for maintenance, repair and replacement of his unit. Each unit owner shall afford to the association and when necessary to another unit owner access through his unit or the limited common element assigned to his unit reasonably necessary for any such maintenance, repair or replacement activity.

247. The allegations of Paragraph 247 of Plaintiff's Amended Complaint are denied as stated. Section 47C-3-115(b) provides:

> Except for assessments under subsections (c), (d), and (e), all common expenses must be assessed against all the units in accordance with the allocations set forth in the declaration pursuant to G.S. 47C-2-107(a). Any past due common expense assessment or installment thereof bears interest at the rate established by the association not exceeding eighteen percent (18%) per year.

248. The allegations of Paragraph 248 of Plaintiff's Amended Complaint are denied as stated. Section 47C-3-115(c) provides:

> To the extent required by the declaration:
> (1) Any common expense associated with the maintenance, repair, or replacement of a limited common element must be assessed against the units to which that limited common element is assigned, equally, or in any other portion that the declaration provides;
> (2) Any common expense or portion thereof benefiting fewer than all of the units must be addressed exclusively against the units benefited; and

249. The allegations of Paragraph 249 of Plaintiff's Amended Complaint are admitted.

250. The allegations of Paragraph 250 of Plaintiff's Amended Complaint are denied as stated. The Declaration, including Section 6, is attached hereto as Exhibit "B."

251. The allegations of Paragraph 251 of Plaintiff's Amended Complaint are denied as stated. The Declaration, including Section 6, is attached hereto as Exhibit "B."

252. The allegations of Paragraph 252 of Plaintiff's Amended Complaint are denied.

29

253.  The allegations of Paragraph 253 of Plaintiff's Amended Complaint are denied.

254.  The allegations of Paragraph 254 of Plaintiff's Amended Complaint are denied, and to the contrary, the North Carolina Condominium Act and the Association Handbook explicitly authorizes the Association to assess expenses against Plaintiff.

255.  The allegations of Paragraph 255 of Plaintiff's Amended Complaint are denied, and to the contrary, Plaintiff, despite Defendants' exercise of their fiduciary duty to act in the best interests of Plaintiff, Plaintiff, through breach of the covenants of the Declaration and By Laws of the Association, is liable for assessments including reasonable attorney's fees and costs.

256.  The allegations of Paragraph 256 of the Plaintiff's Amended Complaint are denied.

257.  The allegations of Paragraph 257 of the Plaintiff's Amended Complaint are denied.

258.  The allegations of Paragraph 258 of the Plaintiff's Amended Complaint are denied.

259.  The allegations of Paragraph 259 of the Plaintiff's Amended Complaint are denied.

260.  The allegations of Paragraph 260 of the Plaintiff's Amended Complaint are denied.

## X.  CONSTRUCTIVE FRAUD as to PRESQUE and the BOARD

261.  Defendants incorporate the averments of Paragraphs 1-260 of the within Answer are incorporated by reference as if the same were fully set forth at length in their entirety herein.

262.  The allegations of Paragraph 262 of Plaintiff's Amended Complaint are admitted.

263.  The allegations of Paragraph 263 of Plaintiff's Amended Complaint are denied.

264.  The allegations of Paragraph 264 of Plaintiff's Amended Complaint are denied.

265.  The allegations of Paragraph 265 of Plaintiff's Amended Complaint are denied.

266.  The allegations of Paragraph 266 of Plaintiff's Amended Complaint are denied.

267.   The allegations of Paragraph 263 of Plaintiff's Amended Complaint are denied.

## XI.   EQUITABLE ACCOUNTING as to PRESQUE and the BOARD

268.   Defendants incorporate the averments of Paragraphs 1-267 of the within Answer are incorporated by reference as if the same were fully set forth at length in their entirety herein.

269.   The allegations of Paragraph 269 of Plaintiff's Amended Complaint are denied.

270.   The allegations of Paragraph 270 of Plaintiff's Amended Complaint are denied.

271.   The allegations of Paragraph 271 of Plaintiff's Amended Complaint are denied.  It is denied that Plaintiff is owed compensation under any theory of liability.

272.   The allegations of Paragraph 272 of Plaintiff's Amended Complaint are denied.

## XII.   DAMAGES

273.   Defendants incorporate the averments of Paragraphs 1-272 of the within Answer are incorporated by reference as if the same were fully set forth at length in their entirety herein.

274.   The allegations of Paragraph 274 of Plaintiff's Amended Complaint are denied.

275.   The allegations of Paragraph 275 of Plaintiff's Amended Complaint, including Subparagraphs a. i.-v., and b., are denied.

## XIII.   JURY TRIAL DEMANDED

276.   The allegations of Paragraph 276 of Plaintiff's Amended Complaint are admitted.

## XIV.   PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to damages as set forth in the Wherefore clause a) through k) and damages of any kind whatsoever.

31

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff together with costs and attorney's fees to be awarded to Defendants.

## **AFFIRMATIVE DEFENSES**

277. Defendants incorporate the averments of Paragraphs 1-276 and their response to Prayer for Relief of the within Answer as if the same were set forth at length in their entirety herein.

278. Plaintiff fails to state a claim upon which relief may be granted.

279. Plaintiff's claims are barred because Association, Association Board, and Association Management did not falsely represent the character, extent, or amount of a debt against Plaintiff or of the debt's status in any legal proceeding; falsely represent that one of the defendants was connected with any agency of the federal, state, or local government; falsely represent any rights or intentions. N.C. Gen. Stat. § 75-54(4).

280. Plaintiff's claims are barred because Association, Association Board, and Association Management did not make or threaten to make false accusations to another person that Plaintiff had not paid or had willingly refused to pay a debt. N.C. Gen. Stat. § 75-51(3); N.C. Gen. Stat. § 58-70-95(3).

281. Plaintiff's claims are barred because Association, Association Board, and Association Management contemplated and were permitted by law to represent that nonpayment of Plaintiff's debt may result in the seizure or sale of any property. N.C. Gen. Stat. § 75-51(6); N.C. Gen. Stat. § 58-70-95(6).

282. Plaintiff's claims are barred because Association, Association Board, and Association Management did not threaten to take unlawful action. N.C. Gen. Stat. § 75-51(8); N.C. Gen. Stat. § 58-70-95(8).

283. Plaintiff's claims are barred because Association, Association Board, and Association Management did not falsely represent that Plaintiff's existing obligation may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges. N.C. Gen. Stat. § 75-54(6); N.C. Gen. Stat. § 58-70-110(6).

284. Plaintiff's claims are barred because Association, Association Board, and Association Management solely collected or attempted to collect fees, charges, or expenses incidental to the principal debt to which they were legally entitled, if any. N.C. Gen. Stat. § 75-55(2); N.C. Gen. Stat. § 58-70-115(2).

285. Association, Association Board, and Association Management exercised their duties of care, if any, at all times in good faith reliance on legal counsel's advice and guidance.

286. Association, Association Board, and Association Management acted at all times in good faith and without malice or intent to cause harm to Plaintiff.

287. Association and Association Board acted pursuant to the powers enumerated at N.C. Gen. Stat. § 47C-3-102(a)(1)-(16).

288. Plaintiff's claims for equitable accounting are barred because remedies available to Plaintiff, if any, are adequate at law.

289. Plaintiff has failed to mitigate his alleged damages, if any.

290. To the extent Plaintiff sustained any economic loss, but failed to act reasonably to mitigate such injuries and damages by *inter alia*, neglecting to pay assessments to Association, the failure to reasonably mitigate his damages diminishes the right to recover.

291. To the extent Plaintiff has suffered any damages and/or losses, which Association, Association Board, and Association Management deny, such damages or losses were

the result of and caused by, Plaintiff's own conduct or omissions thereby barring Plaintiff from any recovery from Defendants.

292. Association, Association Board, and Association Management are entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law including but not limited to any and all affirmative defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure.

293. Plaintiff is liable for any common expense associated with maintenance, repair, or replacement of a limited common element as set forth in Exhibit "A" to Defendants' Answer and pursuant to the provisions of the North Carolina Condominium Act and as further described in the June 12, 2018 Maintenance Responsibilities Checklist attached to Presque Isle Villas Community Handbook. See Exhibit "S" attached hereto. Defendant Association has the authority to dispatch these repairs and the North Carolina Condominium Act provides unequivocally that the owner is financially responsible for limited common element maintenance, repair, and replacement.

294. Defendants, Association, Association Board, and Association Management, reasonably relied on the advice of counsel, BHS, concerning each and every action taken with respect to all matters alleged in Plaintiff's Amended Complaint.

295. The By-Laws of Association are attached to the Declaration, the Declaration having been submitted to the provisions of Chapter 47C of the North Carolina General Statutes entitled "North Carolina Condominium Act." A true and correct copy of the By-Laws is attached as Exhibit "T."

296.  Pursuant to Association By-Laws, Defendants plead the affirmative defenses of release, waiver and estoppel.

297.  Plaintiff's claims are barred because Association, Association Board, and Association Management did not commit any unfair or deceptive acts, in or affecting commerce, proximately causing Plaintiff's alleged injuries.

298.  Plaintiff's claims of constructive fraud are barred because Defendants Association, Association Board and Association Management did not make a false representation or conceal a material fact resulting in injury to Plaintiff.

299.  Plaintiff's claims of constructive fraud are barred because Defendants Association, Association Board and Association Management did not reasonably calculate to deceive any person.

300.  Plaintiff's claims of constructive fraud are barred because Defendants Association, Association Board, and Association Management did not act with intents to deceive.

301.  Plaintiff's claims of constructive fraud are barred because Defendants Association, Association Board, and Association Management did not take advantage of Plaintiff's trust and confidence placed in any confidential relationships.

## DEFENDANT ASSOCIATION'S COUNTERCLAIM
### AGAINST PLAINTIFF HAYDEN SCOTT ROSE

302.  Defendant Presque Isle Villas Condominium Homeowners Association, Inc. (hereinafter "Association"), is a North Carolina Homeowners Association.

303.  Upon information and belief, Plaintiff Hayden Scott Rose is a North Carolina resident and owner of Condominium 308, Presque Isle Villas.

304.  In late 2020, Association initiated plans to renovate the decks attached to each unit in the condominium association.

35

305. On or about October 20, 2020, Association's agent, Community Association Management, informed Plaintiff that he may choose Association's recommended contractor or choose an independent contractor to perform the repairs to the deck.

306. Plaintiff rejected Association's offer to arrange the deck repair and maintenance services on his behalf.

307. Plaintiff did not arrange for an independent contractor to perform the deck repair and maintenance.

308. Plaintiff refused to pay for the costs associated with the deck repair or maintenance and delinquent-assessment fees connected to the deck repair or maintenance costs.

309. On or about July 13, 2022, Plaintiff commenced a civil action against Association in the U.S. District Court for the Middle District of North Carolina, Durham Division, and alleged, among other claims, damages incurred as a result of Association's debt-collection practices to recover the cost of deck repair and maintenance.

310. Association has denied all claims for damages in Plaintiff's Amended Complaint and the averments of Association's Answer and Affirmative Defenses are incorporated herein by reference as if the same were set forth in their entirety.

311. Plaintiff is liable for assessments pursuant to §§ 47C-3-107, 47C-3-115(b), 47C-3-115(c), and the Declaration and By-Laws of the Association

312. Plaintiff is liable in the amount of $7,112.79 as itemized in Transaction History attached hereto as Exhibit "U."

313. The allegations of Plaintiff's Amended Complaint are frivolous, and as a result, Association's reasonable attorney's fees should be taxed as part of the court costs pursuant to N.C. Gen. Stat. 75.16.1.

WHEREFORE, Association demands payment in the amount of $7,112.79,

reasonable attorney's fees and costs.

JURY TRIAL DEMANDED.

                              Respectfully submitted

                              DICKIE, McCAMEY & CHILCOTE, P.C.

                                     */s/ Michele F. Eagle*

By_____

                              Michele F. Eagle, Esquire
                              NC I.D. # 33928

                              2101 Rexford Road
                              Suite 250E
                              Charlotte, NC  28211-3463
                              704-998-5184 x4109
                              meagle@dmclaw.com

                              *Counsel for Defendants, Presque Isle Villas*
                              *Condominium Homeowners Association,*
                              *Inc., Presque Isle Villas Condominium*
                              *Homeowners Association, Inc., Board of*
                              *Directors, and Community Association*
                              *Management, Ltd.,*

## **NOTICE TO PLEAD**

TO:    PLAINTIFF

Pursuant to Fed.R.Civ.P. 12(a)(1)(B), you are required to file an answer to the Counterclaim within twenty-one (21) days of service.

                                    s/ Michele F. Eagle

## Certificate of Service

I, Michele F. Eagle, Esq., hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing to all counsel of record.

s/ Michele F. Eagle
Michele F. Eagle, Esq.
*Counsel for Defendants, Presque Isle Villas*
*Condominium Homeowners Association, Inc.,*
*Presque Isle Villas Condominium*
*Homeowners Association, Inc., Board of Directors,*
*and Community Association Management, Ltd.,*

14839615.1