| | |
|---|---|
| **HAYDEN SCOTT ROSE,**<br><br><div align="right">**Plaintiff**</div><br>**v.**<br><br>**PRESQUE ISLE VILLAS**<br>**CONDOMINIUM HOMEOWNERS**<br>**ASSOCIATION, Inc., PRESQUE ISLE**<br>**VILLAS CONDOMINIUM**<br>**HOMEOWNERS ASSOCIATION, Inc.,**<br>**BOARD OF DIRECTORS, COMMUNITY**<br>**ASSOCIATION MANAGEMENT, Ltd.,**<br>**and BAGWELL HOLT SMITH, P. A.,**<br><br><div align="right">**Defendants**</div> | **ANSWERS TO**<br>**DEFENDANT'S COUNTERCLAIMS** |

**COMES NOW** the Plaintiff, Hayden Scott Rose, by and through counsel, and in answer to the Defendant's counterclaims hereby aver the following:

## DEFENDANTS' ANSWERS AND COUNTERCLAIMS

1. The allegations and Claims asserted in Plaintiff's Complaint, Paragraphs 1 – 276, are hereby pled as Affirmative Defenses to Defendant's Counterclaims, and are re-alleged and incorporated by reference as if set forth fully herein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

277. The Affirmative Defenses in Paragraphs 277-301 do not require any response; however, to the extent a response is required the allegations of Paragraph 277-301 are denied.

## PLAINTIFF'S ANSWERS AND COUNTERCLAIMS

302. The Plaintiff Admits the allegations of Paragraph 302.

303. The Plaintiff admits the allegations of Paragraph 303.

304.    The Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 304; however, to the extent a response is required the allegations of Paragraph 304 are denied.

305.    The allegations of Paragraph 305 are Denied. The Plaintiff admits that he received a letter from the Association that was dated October 20, 2020, which stated the following:

> We recommend that owners use the contractor below who knows the issue very well, but the board is open to owners hiring their own licensed and insured contactor via the ARC request approval process so long as materials and scope of work are the same.

The Plaintiff Denies that this has the same meaning as the Defendant's paraphrase in Paragraph 305.

306.    Paragraph 306 of Defendant's Counterclaims calls for a legal conclusion and, therefore no response is required from the Plaintiff; however, to the extent a response is required the allegations of Paragraph 306 are Denied. The Plaintiff asserts that, because the deck repairs and maintenance were not his responsibility as an Owner pursuant to the terms of the Association's Bylaws and the Declaration, the Plaintiff was not responsible for deck repairs and maintenance services and so no party could perform the same on his behalf.

307.    The allegations of Paragraph 307 are Denied. The Plaintiff asserts that, because the deck repairs and maintenance were not his responsibility as an Owner pursuant to the terms of the Association's Bylaws and the Declaration, the Plaintiff was not responsible for deck repairs and maintenance services.

308.    The allegations of Paragraph 308 are Denied. The Plaintiff asserts that, because the deck repairs and maintenance were not his responsibility as an Owner pursuant to the terms of the Association's Bylaws and the Declaration, the Plaintiff was not responsible for deck repairs

and maintenance services and could not be charged by the Defendants for the costs and fees alleged in Paragraph 308.

309.    The Plaintiff admits that he filed a civil action against Association in the U.S. District Court for the Middle District of North Carolina, Durham Division on June 22, 2022. Further, the Plaintiff filed an Amended Complaint in the same action on July 13, 2022. The words of the Complaint and Amended Complaint speak for themselves.

310.    Paragraph 310 of Defendant's Counterclaims calls for a legal conclusion and, therefore no response is required from the Plaintiff; however, to the extent any response may be required from the Plaintiff, he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 310 and, therefore, Denies them.

311.    Paragraph 311 of Defendant's Counterclaims calls for a legal conclusion and, therefore no response is required from the Plaintiff; however, to the extent any response may be required from the Plaintiff, the allegations contained in Paragraph 311 are Denied.

312.    Paragraph 312 of Defendant's Counterclaims calls for a legal conclusion and, therefore no response is required from the Plaintiff; however, to the extent any response may be required from the Plaintiff, the allegations contained in Paragraph 312 are Denied.

313.    Paragraph 313 of Defendant's Counterclaims calls for a legal conclusion and, therefore no response is required from the Plaintiff; however, to the extent any response may be required from the Plaintiff, the allegations contained in Paragraph 313 are Denied.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

314.    Waiver and Estoppel: The Defendants have failed to timely pursue the remedies available under N.C. Gen. Stat. § 47C;

315. Failure to Mitigate: The Defendants failed to mitigate attorney's fees and costs after the Plaintiff paid all assessments in full, because the assessment for deck replacement was not a valid assessment against Plaintiff's property; and,

316. Unclean Hands: The Defendants have acted with Unclean Hands in their conduct as alleged in the Amended Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

a) Actual damages pursuant to N. C. Gen. Stat. § 58-70-130(a);
b) Civil penalties of $4,000 per violation pursuant to N. C. Gen. Stat. § 58-70-130(b);
c) Actual damages pursuant to N. C. Gen. Stat. § 75-56(a);
d) Civil penalties of $4,000 per violation pursuant to N. C. Gen. Stat. § 75-56(b);
e) A determination that continuous, ongoing violations are separate weekly violations, pursuant to N.C. Gen. Stat. § 75-8.
f) Actual or statutory damages pursuant to 15 U.S.C. §1692k(1);
g) Reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k(3);
h) An equitable accounting;
i) Actual and compensatory damages based on common law negligence;
j) Punitive Damages, pursuant to N.C. Gen. Stat. § 1D;
k) An order that Defendant's Counterclaims are Denied;
l) An order that Defendants have and recover nothing of the Plaintiff; and,
m) Such other and further relief as may be necessary, just and proper.

**TODAY** is August 23, 2022.

<div style="text-align:center">

**COLLUM & PERRY**

</div>

By:    */s/ M. Shane Perry*
Attorney for Plaintiffs
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Fax: 704-663-4178
shane@collumperry.com

| | |
|---|---|
| **HAYDEN SCOTT ROSE,** | |
| **Plaintiff** | |
| **v.** | |
| **PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., BOARD OF DIRECTORS, COMMUNITY ASSOCIATION MANAGEMENT, Ltd., and BAGWELL HOLT SMITH, P. A.,** | **ANSWERS TO DEFENDANT'S COUNTERCLAIMS** |
| **Defendants** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Middle District of North Carolina, with notification being sent electronically to all counsel of record.

**TODAY** is August 23, 2022.

**COLLUM & PERRY**

By:  */s/ M. Shane Perry*
Attorney for Plaintiffs
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Fax:  704-663-4178
shane@collumperry.com