UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No. 1:22-CV-478

| | |
|---|---|
| **HAYDEN SCOTT ROSE,**<br><br>**Plaintiff**<br><br>v.<br><br>**PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., BOARD OF DIRECTORS, COMMUNITY ASSOCIATION MANAGEMENT, Ltd., and BAGWELL HOLT SMITH, P. A.,**<br><br>**Defendants** | **JOINT LOCAL RULE 5.5 REPORT** |

## JOINT L.R. 5.5 REPORT FOR THE FILING OF SEALED DOCUMENTS

[ ]   Conference: The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

[ ]   Non-Parties: Because a non-party has produced documents pursuant to a protective order or is otherwise claiming confidentiality over documents filed or expected to be filed in this case, the conference included _____ (identify non-party).

[X]   Default: The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

[ ]     Alternative Proposal for Cases with Many Confidential Documents.

In order to address claims of confidentiality and reduce the need to file briefs and exhibits under seal, the parties propose the alternative procedure set out in the attached proposal, either jointly or as competing alternatives, for consideration by the Court.

[ ]     Other relevant information:  One Defendant in this case is a law firm.  Parties anticipate that some discovery may require sealed documents and/or a protective order due to the nature of the case.

Respectfully Submitted,

By: /s/ *M. Shane Perry*  
M. Shane Perry, Esquire  
NC I.D. #35498  
Collum & Perry  
109 West Statesville Avenue  
Mooresville, NC 28115  
(704)-663-4187  
shane@collumperry.com  
*Counsel for Plaintiff*

By: */s/ Bridget L. Baranyai*  
Bridget L. Baranyai, Esquire  
NC I.D. #37588  
bbaranyai@dmclaw.com  
Michele F. Eagle, Esquire  
NC I.D. #33928  
meagle@dmclaw.com  
Dickie, McCamey & Chilcote, P.C.  
2101 Rexford Road, Suite 250E  
Charlotte, NC 28211-3463  
(704)-998-5184  
*Counsel for Defendants*  
*Presque Isle Villas Condominium Homeowners Association, Inc., Presque Isle Villas Condominium Homeowners Association, Inc., Board of Directors, and Community Association Management, Ltd.,*

By: /s/ *Russell M. Racine*  
Russell M. Racine, Esquire  
NC I.D. #33593  
Cranfill Sumner, LLP  
2907 Providence Road, #200  
Charlotte, NC 28211  
(704)-332-8300  
rracine@cshlaw.com  
*Counsel for Defendant*  
*Bagwell Holt Smith, P.A.*