Hayden Scott Rose  
308 Presque Isle Lane  
Chapel Hill, NC 27514

00000496-G-PIL308  
*NOTE3810132*

Dear Hayden Scott Rose,

We forwarded your question to the attorney for the Association.

He has confirmed that the Association has the authority to dispatch a vendor however the owner is responsible for the cost of limited common element expenses.

**Section 6 of the Declaration defines decks as "limited common areas or facilities".**
**§ 47C-3-115(c)(1) provides that any common expense associated with the maintenance, repair, or replacement of a limited common element must be assessed against the units to which that limited common element is assigned.**

**Each owner will need to submit a 50% deposit of the $4900 estimate so the vendor can order the materials. The balance will be due from the owner after the work is complete. It takes approximately 6 weeks for the vendor to order the materials.**

Please reply with your confirmation of this work. The association has the authority to dispatch these repairs. The NC Condominium Act is clear on the owner's financial responsibility of limited common element maintenance, repair and replacements.

Sincerely,

Community Association Management  
For the Board of Directors for Presque Isle Villas Condominium Homeowners Association, Inc.

------------------------------------------------

**December 28, 2020.**  
Via First Class Mail  
R. Gregory Tomchin  
Cranford, Buckley, Schultze, Tomchin, Allen & Buie, P.A.  
7257 Pineville-Matthews Road, Suite 2100  
Charlotte, NC 28226  
    **Re: Presque Isle Villas – Deck Repairs**

Mr. Tomchin:  
This office represents Presque Isle Villas Condominium Homeowners Association, Inc. (the "HOA"). The purpose of this letter is to serve as a response to your letter dated December 17, 2020 on behalf of Hayden Rose.  
Pursuant to Section 6 of the Declaration of Condominium for Presque Isle Villas, as recorded in Book 2233 Page 287, Orange County Register of Deeds (the "Declaration") the HOA is responsible for the maintenance, painting, repair and replacement of Limited Common Areas and Facilities. However, Section 6 of the Declaration does not provide a mechanism for payment of costs associated with maintenance of the Limited Common Areas and Facilities, nor does the Declaration provide that the HOA bears the costs of maintaining the decks, as asserted in your letter. Section 9 of the Declaration states that assessments levied by the Association shall be used "for the improvement and maintenance of the common area". Section 9 does not reference that assessments are to be used for Limited Common Areas and Facilities.  
In lieu of an unambiguous statement in the Declaration, N.C.G.S. §47C-3-107 provides that the maintenance of a limited common element shall be assessed as provided in N.C.G.S. §47C-3-115(b). N.C.G.S. §47C-3-115(b) provides that except for assessments under 47C-3-115(c), all assessments must be assessed against the units based on the percentages. N.C.G.S. §47C-3-115(c) provides that any common expense associated with the maintenance of a limited common element must be assessed against the units to which that limited common element is assigned.  
Accordingly, under the Declaration and the North Carolina Condominium Act, the HOA is authorized to assess the unit owner(s) for any maintenance and repair of a limited common element. Thank you.  
                                         Sincerely,  
                                         Michael R. Ganley

Attorney at Law  
cc: Staci Green, Community Association Management, Ltd.



DEFENDANT'S EXHIBIT 5C

14