UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No. 1:22-CV-478

| | |
|---|---|
| **HAYDEN SCOTT ROSE,** <br><br> **Plaintiff** <br><br> v. <br><br> **PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., BOARD OF DIRECTORS, COMMUNITY ASSOCIATION MANAGEMENT, Ltd., and BAGWELL HOLT SMITH, P. A.,** <br><br> **Defendants** | **REQUEST FOR DISCOVERY** |

**COMES NOW** the Plaintiff, Hayden Scott Rose, by and through counsel, and in response to Defendants' motion for judgment on the pleadings, and pursuant to this Court's order entered September 20, 2022 (Doc. 18), hereby requests discovery in this matter. In support of this request the Plaintiff shows this Court the following:

1. On September 16, 2022, Defendants Presque Isle Villas Condominium Homeowners Association, Inc., Presque Isle Villas Condominium Homeowners Association, Inc. Board of Directors and Community Association Management, Limited (collectively: Presque, *et al.*) filed a notice of intent to file a dispositive motion (Doc. 15) in this case.

2. The notice was captioned as "Notice of Intent to File a Dispositive Motion Pursuant to L.R. 56.1(a)."

3. L.R. 56.1(a) reads "Any party who intends to file a motion for summary judgment, or any other dispositive motion, must file and serve notice of intention to file a dispositive motion within 14 days following the close of the discovery period."

4. On September 19, 2022, the Parties filed a joint Rule 26(f) report (Doc. 16). The report read in part:

> Discovery Plan: The parties propose to the Court the following discovery plan: The commencement date of discovery will be upon the entry of the Court's Order pertaining to the pending dispositive motion in whole or in part. Specifically, the parties have agreed to postpone the taking of depositions and the exchange of written discovery responses until the pending dispositive motion is resolved.

5. On September 20, 2022, this Court entered an order (Doc. 18) relevant to the 26(f) report. The order stated, "Defendants have filed a Notice of Intent to File Dispositive Motions, indicating an intent to file a Motion for Summary Judgment prior to discovery." *Id.*, p. 1. The order continued:

> [T]he Court would not ordinarily bifurcate discovery, so if Plaintiff responds to a pre-discovery Motion for Summary Judgment by requesting to take discovery under Rule 56(d)(2), the Court would ordinarily proceed with discovery and stay consideration of dispositive motions until after all discovery has concluded.

6. From the text of the motion, Presque, *et al.*, filed a rule 12(c) motion on the pleadings, not a motion for summary judgment (Doc. 19, 20).

7. The Defendants attached exhibits to the motion, which means the Court must convert the Rule 12(c) motion to a Rule 56 motion, unless it specifically does not consider matters outside the pleadings: "If on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Jones v. Penn Nat. Ins. Co.*, 835 F. Supp. 2d 89, 94 (W.D.N.C. 2011).

8. Because the Parties drafted a discovery plan that stayed discovery until after the Rule 12(c) motion, and because Rule 56 was not referenced in the motion, it appears that Presque, *et al.*, intended the motion to be decided pursuant to Rule 12c.

9. In a conference email, counsel for Presque, *et al.*, stated that she "would not consider [the exhibits attached to the motion] to be matters outside of the pleadings" for purposes of converting the Rule 12(c) motion to a Rule 56 motion.

10. If the Court feels bound by Rule 56 to convert the Rule 12(c) motion to a Rule 56 motion, the Plaintiff requests a stay and an opportunity to conduct discovery prior to having to file a response on the merits of the motion.

11. Conversely, if the Court knows in advance that it will not consider matters outside the pleadings and will consider the motion pursuant to Rule 12(c) alone, the Plaintiff will waive discovery and respond to the substance of the motion.[1]

**WHEREFORE**, Plaintiff requests an opportunity for discovery if this Court chooses to or must convert the Defendants' Rule 12(c) Motion to a Rule 56 Motion, and for such other and further relief as may be necessary, just and proper.

**TODAY** is October 6, 2022.

**COLLUM & PERRY**

By:   */s/ M. Shane Perry*
Attorney for Plaintiffs
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Fax: 704-663-4178
shane@collumperry.com

---

[1] The Plaintiff intends to file a motion to stay all proceedings temporarily due to Plaintiff's counsel suffering an injury that will require therapy and possibly surgery, and that affects counsel's ability to pracrtice. The Plaintiff wishes to make the Court aware of this so that it might factor the same into its reasoning. This motion should be filed on October 7, 2022.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No. 1:22-CV-478

| | |
|---|---|
| HAYDEN SCOTT ROSE,<br><br>**Plaintiff**<br><br>v.<br><br>PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., BOARD OF DIRECTORS, COMMUNITY ASSOCIATION MANAGEMENT, Ltd., and BAGWELL HOLT SMITH, P. A.,<br><br>**Defendants** | REQUEST FOR DISCOVERY |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Middle District of North Carolina, with notification being sent electronically to all counsel of record.

**TODAY** is October 6, 2022.

                          **COLLUM & PERRY**

By:    */s/ M. Shane Perry*
         Attorney for Plaintiffs
         NC Bar No. 35498
         109 W. Statesville Ave.
         Mooresville, NC 28115
         Telephone: 704-663-4187
         Fax: 704-663-4178
         shane@collumperry.com