

**MAILING ADDRESS**
PO Box 527
Raleigh, NC 27602

**PHYSICAL ADDRESS**
2626 Glenwood Ave., Suite 550
Raleigh, NC 27608

Phone: 919.856.3940    Fax: 919.856.3950
www.hatchlittlebunn.com

January 29, 2022

Mr. Zachary Wilson
Bagwell Holt Smith PA
111 Cloister Court, Suite 200
Chapel Hill, NC  27514

Via e-mail hoa@bhspa.com

RE:   Presque Isle Villas Condominium Homeowners Association, Inc.
      Hayden Rose – 308 Presque Isle Lane, Chapel Hill, NC

Dear Mr. Wilson:

      I have been retained by Mr. Hayden Rose with regard to the assessments owed against the above-referenced property.  It is my understanding that your firm received certified funds made payable to Presque Isle Villas Condominium Homeowners Association, Inc. (hereinafter "Association") in the amount of $1,479.17 on Friday, January 28, 2022 for payment on this account.  I e-mailed Mr. Dames-Siegel, a paralegal with your office, on Friday letting him know that the payment would be delivered and that I would send a letter explaining the reasoning behind the payment submitted.

      I received a payoff statement from Mr. Dames-Siegel dated January 19, 2022, stating that the payoff on this account was $6,679.17, good through January 31, 2022.  This payoff statement was accompanied by a ledger showing the charges and payments on the account.  As you are aware, Mr. Rose has been contesting the assessment for deck repairs upon his property in the amount of $5,200.00.  The payment submitted to you Friday in the amount of $1,479.17 represents the payoff amount, less and except the $5,200.00 for the deck assessment.  This payment is not tendered to you as "payment in full" in anticipation of a claim of accord and satisfaction.  Please accept this payment and apply it to the account.  Mr. Rose does still dispute the imposition of the $5,200.00 deck repair assessment as he believes that this amount was invalidly assessed to his account.

      Pursuant to the Declaration of Condominium for Presque Isle Villas (hereinafter "Declaration"), the Limited Common Areas and Facilities is defined as "those common areas and facilities reserved for use by a certain Unit or Units to the exclusion of other Units, including any deck, porch, patio, courtyard, balcony… etc.".  See Section 6.  The Declaration further states that "the cleanliness and orderliness of the Limited Common Areas and Facilities shall be the responsibility of the individual Unit Owner, but the responsibility for maintenance, painting

---

**ATTORNEYS AT LAW**

| Justin R. Apple | Sean G. Delaney | Patrick A. Johnson | James A. Oliver | David M. Yopp |
| Phillip H. Cowan | Gilbert W. File | James P. Little | Tina Frazier Pace | William D. Young IV |
| Stephanie M. D'Atri | Aaron M. Goforth | Devon A. Newton | A. Bartlett White | |

repair and replacement thereof, together with control over the exterior decoration of same, shall be and remain with the Association, but each Unit Owner shall be responsible for repair and maintenance of that Unit's HVAC unit". Id. This statement expressly states that the decks are the "maintenance, painting, repair and replacement" responsibility of the Association. Your letter of June 22, 2021 to Mr. Rose asserts that Chapter 47C shifts the burden of the maintenance of a Limited Common Element to the homeowner. However, this argument is misplaced as N.C.G.S. 47C-3-107 simply states that the expense of maintenance of a Limited Common Element shall be assessed in accordance with N.C.G.S. 47C-3-115. N.C.G.S. 47C-3-115 simply provides that all units shall be assessed in accordance with the terms of the Declaration and that the expense of the maintenance or repair of a Limited Common Element can be assessed against the owner so benefited only "to the extent required by the Declaration..". N.C.G.S. 47C-3-115(c). The Declaration in the instant case clearly provides that the maintenance and replacement of the decks is an Association obligation.

It is my hope that the Association will accept this payment as payment in full of Mr. Rose's assessment account and that the Board will re-evaluate its policy on the assessment of deck repairs. In the event that the Association choses to continue collection activity against Mr. Rose for the deck repairs, Mr. Rose intends to defend and to have a court of competent jurisdiction rule on the validity of the deck repairs. I have also identified some areas of concern with regard to the debt collection activity by the Association and your firm, but have advised Mr. Rose that I do not practice in that area of law and have advised him to consult with counsel who may specialize in that area.

Again, I hope that this matter can be resolved amicably without resort to further litigation. I am available to discuss this matter with you in further detail if you desire.

Yours Very Truly,

HATCH, LITTLE & BUNN, LLP

Tina Frazier Pace