UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HAYDEN SCOTT ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-CV-00478 |
| ) | |
| PRESQUE ISLE VILLAS ) | |
| CONDOMINIUM HOMEOWNERS ) | |
| ASSOCIATION, INC. et al, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the Court on the Parties' Joint Rule 26(f) Report [Doc. #29]. In the Joint Report, the Parties jointly request that the Court stay discovery until the pending Motion for Judgment on the Pleadings is addressed. However, the Parties also propose deadlines for discovery that would leave less than four months for discovery even if it begins immediately, before the Motion for Judgment on the Pleadings is fully briefed. Therefore, it is unclear how the dates proposed by the Parties are consistent with their request that discovery be stayed while Motion for Judgment on the Pleadings is pending.

Even more notably, the Parties dispute the extent to which discovery is needed before the Motion for Judgment on the Pleadings can be resolved. On that issue, Plaintiff filed a "Request for Discovery" [Doc. #21]. The Court addressed that Request in an Order [Doc.#26] setting a response time for the Motion for Judgment on the Pleadings, and noting that:

the Court is not making a preliminary determination on whether Defendants' Motion for Judgment on the Pleadings should be converted into a Motion for Summary Judgment. Therefore, Plaintiff's Response to the Motion for Judgment on the Pleadings should respond to the substance of the Motion and should also include any arguments regarding which documents or assertions should not be considered without converting the Motion into a Motion for Summary Judgment with notice and further opportunity to respond under Rule 12(d). See Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012) (citing Horsley v. Feldt, 304 F.3d 1125, 1134–35 (11th Cir. 2002)).

However, Plaintiff subsequently filed his Response but did not follow this direction. As a result, the briefing will not adequately present this issue for consideration by the Court, and the result is likely just ongoing delay in the commencement of discovery that Plaintiff contends is needed before the Motion for Judgment on the Pleadings can be properly resolved.

In the circumstances, the Court will adopt the deadlines set out in the Joint Rule 26(f) Report but will not stay the commencement of discovery. Discovery will begin upon entry of this Order. The deadline for the conclusion of all discovery is February 20, 2023. That deadline may not be extended by the Parties without obtaining leave of Court. The case is placed on the Complex discovery track except as otherwise provided here. The deadline for reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) is December 19, 2022 for Plaintiff, and January 26, 2023 for Defendants. Mediation must be conducted by December 16, 2022. The Parties have agreed upon Wayne Huckel as the mediator. All depositions must be completed by February 20, 2023. The deadline for requesting leave to amend pleadings or add parties is November 22, 2022 for Plaintiff and December 6, 2022 for Defendants. The deadline for filing dispositive motions, including any Motion for Summary Judgment, is March 27, 2023. These deadlines will not depend on the date of the resolution of the Motion for Judgment on the Pleadings.

IT IS THEREFORE ORDERED that the Parties' Joint Rule 26(f) Report [Doc. #28] is adopted to the extent set out herein, and discovery will commence upon entry of this Order, with a deadline of February 20, 2023 for the completion of all discovery, and the remaining deadlines as set out above.

This, the 8th day of November, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge