UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| HAYDEN SCOTT ROSE,<br><br>        Plaintiff,<br><br>v.<br><br>PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, INC.; PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, INC., BOARD OF DIRECTORS; COMMUNITY ASSOCIATION MANAGEMENT, Ltd.; and BAGWELL HOLT SMITH, P.A.;<br><br>        Defendants. | Civil Action No. 1:22-CV-478 |

**BAGWELL HOLT SMITH, P.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Bagwell Holt Smith, P.A., ("BHS"), by and through the undersigned attorneys, hereby responds to Plaintiff Hayden Scott Rose's Motion for Partial Summary Judgment (Doc. 37) as follows:

## I.    STATEMENT OF FACTS

This matter relates to a homeowner in an HOA refusing to pay for a special assessment levied by the HOA. Specifically, Plaintiff Hayden Rose owns a home in the Presque Isle Villas condominiums. (Doc. 38) As a homeowner and member of the HOA, Mr. Rose is subject to paying special assessments as levied by the HOA.

BHS is a law firm in Chapel Hill, North Carolina, and it represents Presque Isle Villas Condominium Homeowners Association ("Presque"). (Doc. 38-6) BHS represented Presque at the time of this dispute and represented Presque in connection with the collection efforts related to the special assessment that Plaintiff did not pay. (Doc. 38-6)

The issue giving rise to this matter is that Plaintiff believes the determination by the HOA that the individual owners were responsible to pay for the repairs to their decks is incorrect. (Doc. 38). Plaintiff does not argue that the HOA lacked the authority to issue a special assessment, or that the mechanism of levying the special assessment against the homeowners was wrong. Instead, Plaintiff's argument relies on the assumption that the special assessment was invalid because it was to cover a cost that should not have been assessed to the individual homeowners. (See generally Doc. 38; see also **Exhibit A**-Deposition of Hayden Scott Rose, 10 February 2023, 89:10-14)

During his deposition, Plaintiff Rose admitted that the HOA has the right to assess him with special assessments:

> Q. Right. If there is an additional cost that the HOA incurs, would you agree that, if valid, the HOA has the right to assess special assessments and ask the homeowners and members to pay extra money to cover whatever it is the HOA needs to pay for?
> 6 A. Depending on the amount, yes, and then, depending on the amount, with the approval of the membership.
> Q. Okay. And as long as they -- as long as the HOA follows the guidelines in the declarations and bylaws, they would have the ability to levy special assessments against the members?
> A. Yes.
> Q. Okay.

> A. And the statute, I would add.
> Q. And the statute. So as long as the HOA complies with the declarations, the bylaws, the statutes, any kind of rules and regulations that govern it, it does have the power to assess special assessments against the members?
> A. Yes.

(Rose Depo.: 92:1-20) When Rose questioned the assessment's validity, BHS sent him a letter explaining why he was liable for the special assessment. (Doc. 38-6) the letter explains that the assessment was valid, and sets forth reasons supporting its validity. In the letter, BHS specifically states that Presque "intends to pursue collection of any assessments ot your unit, in the even such assessments are not paid in a timely fashion." (Doc. 38-6) Specifically, the letter states:

> While it is understood that your personal reading of the applicable law and covenant provisions varies from that of the Board and that of this firm, the Board's position in this regard is supported by legal precedent. The Board intends to pursue collection of any assessments to your unit, in the event such assessments are not paid in a timely fashion. Per Section 9 of the Declaration, as well as the N.C. Gen. Stat. § 47C-3-1 16. The regular and special assessments of the HOA constitute a lien on your property, and the HOA can pursue a claim of lien or a foreclosure of the property to secure any debt that is owed. If you wish to avoid the HOA's claiming of a lien on your property and/or the foreclosure process, you may submit payment of the amount owed to the HOA, whether you maintain a protest regarding such an interpretation or not.

Although BHS set forth the collection actions it intended to take if payment was not made, Plaintiff did not pay the assessment. When Plaintiff failed to make the payment, BHS filed a lien on October 22, 2021. (Doc. 38-15)

Plaintiff's single cause of action asserted against BHS is a claim for Violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (See generally Doc. 4) The allegations asserted by Plaintiff are that BHS violated specific provisions of 15 U.S.C. § 1692. In the instant motion, Plaintiff asserts that BHS violated 15 U.S.C. § 1692 subsections e(2), e(4), e(5), f(1), f(6), and g, (Doc. 38, pgs. 12-13) and in support thereof, Plaintiff references Exhibit O, a letter from BHS to Plaintiff enclosing a copy of the lien filed against Plaintiff. (Doc. 38-15) For the reasons discussed herein, Plaintiff is not entitled to summary judgment on this cause of action.

## II.  AUTHORITY

The requirements for summary judgment are well known. Federal Rule of Civil Procedure 56 states "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 A party seeking summary judgment on an issue must prove that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See United States v. Currency, U.S.*, $864,400.00, 405 F. App'x 717, 718 (4th Cir. 2010).

Once the movant has presented evidence and facts in support of its motion for summary judgment, the reviewing court must determine the sufficiency of the asserted evidence and facts, and the court must resolve any ambiguity and draw any reasonable inferences from the evidence and facts presented in the light most favorable to the non-

moving party. "In considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party." *In re R & D Homes II, Inc.*, No. 06-10533, 2009 WL 2105720, at *1 (Bankr. M.D.N.C. July 13, 2009); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

To defeat a properly supported motion for summary judgment, a non-movant must show a dispute over a genuine issue of material fact, and the issue must present a question to the jury "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) Importantly, the non-moving party's asserted issues of fact do not need to be resolved in favor of the non-moving party. "It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*, 477 U.S. 242, 248–49, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) *quoting First National Bank of Arizona v. Cities Service Co.*, 391 U.S., at 288–289, 88 S.Ct., at 1592. In arriving at a decision on summary judgment, a court does not need to weigh the evidence, but instead it needs only to determine if the fact finder should resolve the issue. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S. Ct. 2505, 2511,

91 L. Ed. 2d 202 (1986). In reaching its decision regarding "whether a genuine issue of material fact has been raised, the court must construe all reasonable inferences and ambiguities against the movant and in favor of the nonmoving party." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020).

### III. ARGUMENT

#### A. Plaintiff's Motion for Summary Judgment Fails as it Improperly Presumes Plaintiff's Debt is Invalid

Plaintiff's Motion fails because Plaintiff is basing all his arguments on an assumption that the debt owed by Plaintiff was not valid. (See generally Doc. 38) Plaintiff relies on the assumption that the special assessment levied against Plaintiff for the cost of the deck repairs (the "debt") was invalid, and therefore any action taken by BHS related to collecting the debt was a violation of 15 U.S.C. § 1692. In support of its claim that BHS violated provisions of 15 U.S.C. § 1692, Plaintiff states, ***as an established fact,*** that the debt was invalid. Specifically, Plaintiff states:

> BHS violated 15 U.S. Code § 1692e(2) (by false representation of the character, amount, or legal status of any debt) with every collection communication wherein BHS alleged that Mr. Rose owed the debt **because Mr. Rose never owed the debt**. (Exhibit O).
> BHS has violated 15 U.S. Code § 1692e(4) (the representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action) by threatening foreclosure against Mr. Rose

> **because the Defendants never had the legal right to foreclose on Mr. Rose's property**. (Exhibit O)
> BHS has violated 15 U.S. Code § 1692e(5) (the threat to take any action that cannot legally be taken or that is not intended to be taken) when it threatened foreclosure and increased fees **because it had no legal right to make such threats**. (Exhibit O).
> BHS has violated 15 U.S. Code § 1692f(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law) by attempting to collect collection and legal fees **when the Defendants were not entitled to do so**.(Exhibit O).
> BHS has violated 15 U.S. Code § 1692f(6) (threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest) by threatening to foreclose on Mr. Rose's property **when the Defendants had no legal right to do so**. (Exhibit O).

(Doc. 38, pgs. 12-13, emphasis added) In each allegation, Plaintiff relies on an improper factual determination that the debt was invalid. This is incorrect, because the debt was a valid debt owed by Plaintiff to the HOA. BHS explained its reasoning to Plaintiff why the debt was valid. (Doc. 38-6) BHS also prepared a letter to the HOA in 2018, and later provided this letter to Plaintiff, showing that the unit owner is responsible for paying for repairs to decks, thus, that debt asserted against Plaintiff for the assessment was valid. (**Exhibit B**) Further, in response to Plaintiff's former attorney's inquiry regarding the validity of the debt, BHS provided a letter detailing the analysis it followed in determining that the special assessment was valid. (**Exhibit C**) The reasoning asserted in the letter that that debt is valid is correct, sound legal

analysis, and the debt levied against Plaintiff is proper. Because Plaintiff's argument for summary judgment relies solely on the assumption that the debt was invalid, and Plaintiff failed to show how the acts by BHS were violative of the Act if the debt was proper, the motion for summary judgment should be denied on this basis alone.

Regardless, the issue of whether the debt was valid is a question of fact. (Doc. 38) Validity of the assessment is a genuine issue of material fact for the jury to decide, and there is evidence supporting both sides of the issue that a jury must sort through to determine what the actual facts are, and whether those facts apply to this particular assessment. Regarding the facts surrounding the debt and its validity, the Court must "draw reasonable inferences in the light most favorable to the nonmoving party" related to the disputed facts, and it should conclude that there exists "a genuine issue of material fact, and the issue must present a question to the jury 'such that a reasonable jury could return a verdict for the nonmoving party.'" *In re R & D Homes II, Inc., No. 06-10533*, 2009 WL 2105720, at *1 (Bankr. M.D.N.C. July 13, 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The reasons asserted by BHS are valid, and even if ultimately incorrect, substantiate the validity of the debt and the right for the HOA to levy the debt and enforce it against Plaintiff. Based on these reasons alone, summary judgment is not proper because there is a genuine issue of material fact requiring the fact finder to decide the issues.

### B. Plaintiff's Motion Fails to Establish any Actionable Conduct by BHS if the Debt is Deemed Valid and Summary Judgment is Improper

Plaintiff makes a broad, unsupported, statement in the motion that "[s]hould the Court determine that Mr. Rose did owe the assessment, the Defendants all engaged in collection activity that is illegal even for a valid debt." (Doc. 38, p. 3). However, Plaintiff sets forth no facts and no argument pertaining to BHS that supports this conclusion. (See generally Doc. 38) As pertains to BHS, Plaintiff's claims are based on Plaintiff's assumption that the debt was invalid, and in a circular pattern, Plaintiff asserts that if the debt was invalid, BHS's actions in attempting to enforce the debt were violative of the statute *because BHS had no right to collect the debt*. (Doc. 38)

However, Plaintiff argues no facts that support a conclusion that BHS violated the statute if the debt was valid. This is because BHS's actions all complied with the requirements of the Act. Summary judgment is not proper because if the debt is valid, as asserted by Defendants, there is no actionable conduct by BHS. This is because BHS did not violate the provisions of 15 U.S.C. § 1692. (*See generally Zumkehr v. Hidden Lakes Prop. Owners Ass'n, Inc.*, 158 N.C. App. 747, 582 S.E.2d 82 (2003) holding that "Because there are genuine issues of material fact regarding whether the Board lawfully imposed the special assessment, there arise additional issues of material fact whether the Board properly suspended plaintiff's privileges in the community and denied her right to vote.") Plaintiff admitted that the HOA has the right to foreclose on the property in the event that a valid debt remains unpaid. "Q. So if the debt is valid, you agree that the HOA has the right to file a foreclosure action? A. I do, yes." (Exhibit A-Rose Depo.: 91:17-19) Summary judgment is not appropriate because there

are genuine issues of material fact relating to whether the debt was valid and whether BHS appropriately enforced the debt.

### C. Plaintiff was Responsible for Payment Even if the Debt was Invalid

The fact that Plaintiff disagreed with the validity of the debt does not absolve him of paying the debt when it was properly asserted by the HOA. Pursuant to the Declaration for the HOA, every owner is responsible for paying assessments from the HOA:

> The annual and special assessments, together with the interest, and costs and reasonable attorney's fees incurred in the collection thereof, shall be a charge on the unit and shall be a continuing lien upon the property against which each such assessment is made. **Each such assessment, together with interest and costs and reasonable attorney's fees incurred in the collection thereof, shall also be the personal obligation of the person (or persons) who was the owner of such property at the time when the assessment fell due.** The personal obligation for delinquent assessments shall not pass to his successors in title unless expressly assumed by them.

(Doc. 38-2, p. 5, emphasis added) As an owner, Plaintiff was personally responsible for paying the assessment. "[h]omeowners within a planned community are generally obligated to respect not only real covenants governing their property, but also to pay any dues which are assessed by their association." *Conleys Creek Ltd. P'ship v. Smoky Mountain Country Club Prop. Owners Ass'n, Inc.*, 255 N.C. App. 236, 248, 805 S.E.2d 147, 155 (2017). Even assuming that the debt was improperly assessed against homeowners, the undisputed fact is that the HOA asserted the assessment against Plaintiff and it became a debt. The HOA acted within its authority and implemented

a special assessment on the owners. At that point, as an affected homeowner, Plaintiff had a duty to pay the assessed special assessment, whether he agreed with it or not. *Id*.

Plaintiff does not dispute that the assessment was decided upon by the HOA and levied against homeowners. Instead, Plaintiff complains that the decision to assert the assessment against homeowners was in error. (See generally Doc. 4 and Doc. 38) If Plaintiff truly believed that the special assessment was improper, procedures existed by which Plaintiff could challenge the assessment, but he was still responsible for paying the debt. He chose not to, and instead simply failed to pay the assessment. Accordingly, the HOA followed the procedures for the HOA to enforce the unpaid debt Plaintiff owed to the HOA, and the HOA turned over the account to BHS for enforcement. The actions taken by the HOA, and BHS as its attorneys, were proper because at the time, the debt was properly levied against and owed by Plaintiff. Plaintiff failed to pay the assessment, and enforcement action commenced.

**D. None of Plaintiff's Asserted Violations of 15 U.S.C. § 1692 by BHS can be Resolved by Summary Judgment**

Apart from the issue of the validity of the debt, each of Plaintiff's asserted violations against BHS is ineligible for summary judgment because genuine issues of material fact exist. The first allegation against BHS states "BHS violated 15 U.S. Code § 1692e(2) (by false representation of the character, amount, or legal status of any debt) with every collection communication wherein BHS alleged that Mr. Rose owed the debt because Mr. Rose never owed the debt." 15 U.S. Code § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(15 U.S.C. § 1692e) Whether BHS violated Section (2) is dependent on resolution of the issue of whether BHS "falsely" represented something to Plaintiff. BHS has denied falsely representing anything to Plaintiff (See generally Doc. 10.) Whether or not BHS's communications to Plaintiff were "false" or conveyed "false" information is a genuine issue of material fact that presents a jury question, thereby precluding summary judgment.

Second, Plaintiff asserts that "BHS has violated 15 U.S. Code § 1692e(4) (the representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action) by threatening foreclosure against Mr. Rose because the Defendants never had the legal right to foreclose on Mr. Rose's property." (Doc. 38, pgs. 12-13) Again the full statute is informative. 15 U.S.C. § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> …
>> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(15 U.S.C. § 1692e) As with the first claim under Section e(2), the issue of falsity is a genuine issue of material fact presenting a jury question and precluding summary judgment. Further, the issue of whether BHS intended to take any of these actions is yet another a jury question. The fact that BHS filed a lien against Plaintiff (Doc. 38-15) is strong evidence that BHS intended to take the actions that it did, thus establishing that BHS did not violate this subsection of the statute. Moreover, Plaintiff admitted in deposition that he believed the HOA intended to cause a foreclosure if he did not pay the debt.

> Q. And it says "Final foreclosure warning." Do you see that?
> A. I do.
> Q. All right. Did you understand that to mean that CAM or the HOA intended to file a foreclosure on your property if you did not pay the amount they claimed you owed?
> A. I did.

(**Exhibit A**-Rose Depo.: 117:19-24; 118:1-2) As the HOA's lawyers, BHS intended to effectuate the will of its client, the HOA, and file a foreclosure in the event the debt was not paid. Filing the lien, as shown in Doc. 38-15, is the first step toward foreclosure and is strong evidence that the HOA, and its attorneys BHS, intended to take the actions described in the communications. Again, competing evidence on this issue presents a genuine issue of material fact and precludes summary judgment.

The third allegation by Plaintiff is that "BHS has violated 15 U.S. Code § 1692e(5) (the threat to take any action that cannot legally be taken or that is not intended to be taken) when it threatened foreclosure and increased fees because it had no legal right to make such threats." (Doc. 38, p. 13) Subsection (5) of 15 U.S. Code § 1692e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(15 U.S.C. § 1692e) Again there are genuine issues of material fact related to whether BHS was legally entitled to take the actions to enforce the debt, including filing the lien against Plaintiff for failing to pay the debt. (Doc. 38-15) Questions of genuine material fact include whether BHS made a "threat," whether BHS took an action it could not legally take, and whether BHS "intended" to take such action. *Id*. Competing evidence on this issue presents a genuine issue of material fact and precludes summary judgment.

The fourth allegation by Plaintiff against BHS is "BHS has violated 15 U.S. Code § 1692f(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law) by attempting to

collect collection and legal fees when the Defendants were not entitled to do so." The actual language of the statute states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(15 U.S.C. § 1692f) At the outset, Plaintiff's claim that BHS violated this statute presents the genuine issues of material fact related to whether BHS used "unfair or unconscionable means" to collect Plaintiff's debt. This is a genuine issue of material fact precluding summary judgment. Also, this claim by Plaintiff presents genuine issues of material fact related to whether BHS was authorized to collect additional amounts on top of the assessed debt. The provisions of the by-laws provide that the HOA can collect attorneys' fees and costs. (Doc. 38-4, p. 10 "In the event of default by any Unit Owner in paying to the Board of Directors the common charges as determined by the Board, each Unit Owner shall be obligated to pay interest at the legal rate on such common charges from the date due thereof together with all expenses, including attorney's fees incurred by the Board in any proceeding to collect such unpaid common charges.") Although it seems the right to collect these fees is clearly established, whether BHS violated the statute by including such charges in the enforcement actions is a jury question and therefore precludes summary judgment.

The fifth allegation by Plaintiff against BHS states "BHS has violated 15 U.S. Code § 1692f(6) (threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest) by threatening to foreclose on Mr. Rose's property when the Defendants had no legal right to do so." (Doc. 38, p. 13) The provisions of 15 U.S. Code § 1692f state:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

(15 U.S.C. § 1692f) Plaintiff's claim that BHS violated this statute presents the genuine issues of material fact related to whether BHS used "unfair or unconscionable means" to collect Plaintiff's debt. Also, questions exist related to whether the HOA had the "right to possession of the property claimed as collateral through an enforceable security interest." By filing the lien, the HOA asserted its rights to the property as collateral to enforce the debt. Like the previous claims, this claim also presents the genuine issue of material fact related to whether BHS had the "present intention to take possession of the property" when it took enforcement actions. The fact that a lien

was filed is strong evidence that BHS possessed the required intent. (See generally Doc. 38-15, p. 2) Each of these questions are genuine issues of material fact, and summary judgment is improper.

Lastly Plaintiff asserts a claim against BHS for violation of 15 U.S. Code § 1692g by stating "BHS has violated 15 U.S. Code § 1692g by its actions as alleged herein by failing to provide a validation letter pursuant to this statute." (Doc. 38, p. 13) It is unclear from Plaintiff's pleading which specific section of this statute Plaintiff alleges BHS violated. Regardless, in its entirety, 15 U.S. Code § 1692g states:

> (a) Notice of debt; contents
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
> (b) Disputed debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the

> debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(15 U.S.C. § 1692g) Plaintiff asserts that BHS failed to "provide a validation letter pursuant to this statute." However, BHS provided numerous letters and other correspondence to Plaintiff and his representatives regarding the nature and characteristics of the debt, two of which Plaintiff attached as exhibits to his motion. (See Doc. 38-6 and 38-15) (See also **Exhibit D**) Whether these, or other, communications to Plaintiff constitute a "validation letter" as contemplated by the statute is a genuine issue of material fact that must be answered by the fact finder. This is a jury question and precludes summary judgment on this issue.

## IV. CONCLUSION

For the reasons detailed herein, genuine issues of material fact exist related to each of Plaintiff's claims against BHS, and summary judgment is not appropriate. Plaintiff's motion should be denied.

This the 4th day of May, 2023.

/s/Russell M. Racine
Russell M. Racine
NC Bar #33593
Robert El-Jaouhari
NC Bar #49184
**CRANFILL SUMNER LLP**
2907 Providence Rd., Ste. 200
Charlotte, NC 28211
704 940-3418 – Tel.
704 831-5501 – Fax
rracine@cshlaw.com
www.cshlaw.com
*Attorneys for Defendant Bagwell Holt Smith, P.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties in this case.

This the 4th day of May, 2023.

/s/Russell M. Racine
Russell M. Racine
NC Bar #33593
**CRANFILL SUMNER LLP**
2907 Providence Rd., Ste. 200
Charlotte, NC 28211
704 940-3418 – Tel.
704 831-5501 – Fax
rracine@cshlaw.com
www.cshlaw.com
*Attorneys for Defendants*