```
              UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF NORTH CAROLINA
                    DURHAM DIVISION

                        - - -

HAYDEN SCOTT ROSE,          FILE NO.:  1:22-CV-478


        Plaintiff,


vs.


PRESQUE ISLE VILLAS
CONDOMINIUM HOMEOWNERS
ASSOCIATION, INC., PRESQUE
ISLE VILLAS CONDOMINIUM
HOMEOWNERS ASSOCIATION,
INC., BOARD OF DIRECTORS,
COMMUNITY ASSOCIATION
MANAGEMENT, LTD., and
BAGWELL HOLT SMITH, P.A.,


        Defendants.


                        - - -


           ZOOM DEPOSITION OF HAYDEN SCOTT ROSE

           DEPOSITION DATE:  FEBRUARY 10, 2023


                        - - -
```

```
 1  the complaint.
 2       Q.   Okay. All right. Okay. And my understanding
 3  is that this whole situation stems from a disagreement over
 4  whether or not you, as a homeowner, are required to pay a
 5  special assessment for deck repairs; is that correct?
 6       A.   That was the genesis of the issue.  There have
 7  subsequently been some -- what we're alleging are violations
 8  of debt collection laws in the attempt to collect that
 9  disputed debt.
10       Q.   Okay. But the -- but the original issue and the
11  original cause that led to you being assessed fees and
12  things like that by the HOA was the issue over whether or
13  not you're responsible for paying for the deck repairs?
14       A.   That's correct.
15       Q.   Okay. All right. Good. All right. Bear with
16  me.
17            I'm going to share screen again.  And are you
18  able to see this June 12, 2018, email letter?
19       A.   I am.
20            MR. RACINE:  All right.  I'm going to ask that
21  that be marked as Exhibit 4.
22            (Whereupon, Rose Deposition Exhibit No. 4 was
23  presented to the witness for identification.)
24  BY MR. RACINE:
```

```
 1  pay the dues, the HOA has the authority to assess fees
 2  against you?
 3       A.   Yes.
 4       Q.   All right.  And would you agree those include
 5  late fees?
 6       A.   Yes.
 7       Q.   All right.  And if -- if you fail to pay dues
 8  over a certain amount of time, do you agree that the HOA has
 9  the right to file a lien against your property?
10       A.   Yes.
11       Q.   And do you agree that if the lien is not paid
12  and you continue not to pay the dues, the HOA has a right to
13  institute a foreclosure action against your property?
14       A.   Assuming that the debt is valid and there's been
15  a default, et cetera.  But as long as it meets the
16  procedural requirements, then yes.
17       Q.   So if the debt is valid, you agree that the HOA
18  has the right to file a foreclosure action?
19       A.   I do, yes.
20       Q.   Okay.  And in this situation, the -- well, let
21  me back up.
22            Would you also agree that the HOA has the right
23  to levy special assessments against the members?
24       A.   Could you define the term "special assessment"?
```

1  Q. Right. If there is an additional cost that the
2  HOA incurs, would you agree that, if valid, the HOA has the
3  right to assess special assessments and ask the homeowners
4  and members to pay extra money to cover whatever it is the
5  HOA needs to pay for?
6  A. Depending on the amount, yes, and then,
7  depending on the amount, with the approval of the
8  membership.
9  Q. Okay. And as long as they -- as long as the HOA
10 follows the guidelines in the declarations and bylaws, they
11 would have the ability to levy special assessments against
12 the members?
13 A. Yes.
14 Q. Okay.
15 A. And the statute, I would add.
16 Q. And the statute. So as long as the HOA complies
17 with the declarations, the bylaws, the statutes, any kind of
18 rules and regulations that govern it, it does have the power
19 to assess special assessments against the members?
20 A. Yes.
21 Q. Okay. All right. Bear with me. When did you
22 first receive notice from the HOA that --
23       And I apologize. I'm going to keep referring to
24 it as an HOA. I know it's a condominium owners association.

```
 1  in bold it says "Delinquent balance due:  $6,242.89,"
 2  correct?
 3       A.   That's right.
 4       Q.   Okay.  And then below that it says "The above
 5  balance includes the attorney fee for lien filing and the
 6  lien filing fee."  Do you see that?
 7       A.   I do.
 8       Q.   All right.  And then below that, it provides you
 9  with the address of the attorney responsible for collecting
10  the balance and filing the lien.  Do you see that?
11       A.   I do.
12       Q.   All right.  And that's Bagwell Holt Smith,
13  correct?
14       A.   It is.
15       Q.   All right.  And at the top of this document in
16  bold, all caps, it says "Notice of dues delinquency,"
17  correct?
18       A.   Correct.
19       Q.   And it says "Final foreclosure warning."  Do you
20  see that?
21       A.   I do.
22       Q.   All right.  Did you understand that to mean that
23  CAM or the HOA intended to file a foreclosure on your
24  property if you did not pay the amount they claimed you
```

 1  owed?
 2       A.    I did.
 3       Q.    All right.  Just a moment.
 4             THE WITNESS:  Could we do a quick restroom break
 5  while you're getting your next question ready?
 6             MR. RACINE: Yeah.  Sure.  That's fine.  That
 7  would be fine.  Let's take a break.
 8             (Whereupon, a brief recess took place.)
 9  BY MR. RACINE:
10       Q.    All right.  I'm going to show you what I'm going
11  to mark as Exhibit 16.
12             (Whereupon, Rose Deposition Exhibit 16 was
13  presented to the witness for identification.)
14             MR. PERRY:  Are we back on the record?
15             MR. RACINE:  Oh.  Yeah.
16  BY MR. RACINE:
17       Q.    I'm going to mark this as Exhibit 16 and ask you
18  if you recall seeing this letter.
19       A.    Can you zoom in a little bit?
20       Q.    Oh, yeah.  Sorry.
21       A.    I do, yes.
22       Q.    Okay.  And this is a letter from Bagwell Holt
23  Smith to you, correct?
24       A.    That's correct.

1   case -- if this case goes to trial and it's ultimately
2   determined that the debt alleged against you was valid -- in
3   other words, you are liable for the special assessment and
4   all of the assessed fees, et cetera -- if all of that is
5   held to be valid and owed by you, you still assert that
6   Bagwell Holt Smith did something wrong, correct?
7          A.   Correct.
8          Q.   All right.
9          A.   Yes.
10         Q.   And what you assert it did wrong was threaten to
11  foreclose when it did not intend to foreclose, correct?
12         A.   Correct.
13         Q.   And got the legal opinion on the effect of the
14  rules and regulations incorrect intentionally?
15         A.   Well, if the Court rules that they were correct,
16  then no, I wouldn't agree with that.
17         Q.   Okay.  So if the Court rules that they were
18  correct and you owed all the debt, then that basis for bad
19  conduct goes away, right?
20         A.   Except to the extent they said there was
21  precedent.  There wasn't.  But other than that, yes, I would
22  agree with that.
23         Q.   All right. Okay. All right. And you still --
24  you maintain that if you are found liable for all the debts