UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No. 1:22-CV-478

| HAYDEN SCOTT ROSE, | |
|---|---|
| **Plaintiff** | |
| v. | **REPLY TO RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc., *et al.*, | |
| **Defendants** | |

**NOW COMES** Plaintiff, Hayden Scott Rose, by and through Counsel, and in reply to the Response by Bagwell Holt Smith, P.A. (BHS) to the Plaintiff's Motion for Summary Judgment, the Plaintiff shows this Court the following:

### RULE 56 STANDARD

The Defendant cites *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986), for the idea that "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id*. This is true. But in the instant case, if the Defendant had no legal right to collect the debt (and it did not) then the jury cannot find that the Defendant acted legally in collecting the debt. Resolving the issue of whether the Presque Defendants[1] could assess the repairs against Mr. Rose will instruct the Parties and the Court as to whether a jury could possibly find that the debt collection was proper. No legal assessment means no possible legal collection of the assessment because an invalid debt does not exist. There is no weighing of evidence in such a case, and there are no ambiguities.

### THE DEBT WAS INVALID, SO COLLECTION WAS UNLAWFUL

---

[1] The Defendants other than BHS, who assessed the debt BHS was collecting.

It is true that BHS sent letters to Mr. Rose to convince him that the debt was valid and could be collected on. Each of these were incorrect and were in furtherance of unlawful collection activities as described in the Amended Complaint.

BHS couches the determination of the validity of the debt as a factual question without the benefit of any supporting law. Whether the debt is valid is determined by the interpretation of N.C. Gen. Stat. § 47C-1-101, *et seq*., which is "a question of statutory interpretation, a quintessential question of law." *Broughman v. Carver*, 624 F.3d 670, 674 (4th Cir. 2010). North Carolina agrees: "A question of statutory interpretation is ultimately a question of law for the courts." *Brown v. Flowe*, 349 N.C. 520, 523 (1998). This Court will also need to interpret the Declaration of Condominium and the By-Laws, which are contractual in nature:

> In addition to the statute under which a corporation is formed, a corporation's articles of incorporation or the corporate charter and its properly adopted bylaws constitute a binding contract between the corporation and its shareholders or members." 7A *Fletcher Cyclopedia of the Law of Private Corporations*, § 3634 (2006).

*Blankenship v. Sprint Corp*., No. 3:03-CV-221, 2007 WL 1387971, at *3 (W.D.N.C. May 9, 2007). "[C]ontract interpretation is a question of law[.]" *Ndeh v. Midtown Alexandria, L.L.C*., 300 F. App'x 203, 206 (4th Cir. 2008); "If a contract is unambiguous, the meaning of its terms is a question of law." *Ferrante v. Westin St. John Hotel Co*., 559 F. Supp. 3d 492, 506 (E.D.N.C. 2020), *aff'd*, No. 20-1322, 2022 WL 396022 (4th Cir. Feb. 9, 2022).

Moreover, the Presque Defendants have agreed on Page 15 of the Declaration of Condominium that all of these are legal questions:

> 26. GOVERNING LAW.
> This Declaration and the By-Laws attached hereto shall be construed and controlled by and under the laws of the State of North Carolina.
> 27. DEFINITION.
> Any terms herein which are defined in the North Carolina Condominium Act shall have the meaning specified in the Act unless a contrary intention fairly appears.

2

*Declaration of Condominium*, p. 15, ¶¶ 26, 27 (Exhibit A). And Paragraph 20 establishes this Declaration of Condominium and the By-Laws as contractual in nature:

> The acceptance of a deed of conveyance or the entering into of a lease or the entering into occupancy of any unit shall constitute an agreement that the provisions of this Declaration, By-Laws, and any rules and regulations which may be adopted are accepted and ratified by such owner, tenant, or occupant and all of such provisions shall be deemed and taken to be covenants running with the land and shall bind any person having at any time any interest or estate in such unit as though provisions were made a part of each and every deed, conveyance or lease.

*Declaration of Condominium*, p. 12, ¶ 20 (Exhibit A). The language of contract continues:

> Amendments of a material nature shall be agreed to by Unit Owners who represent at least 67 % of the total allocated votes in the Association and by eligible mortgage holders who represent at least 51 % of the votes of unit estates that are subject to mortgages held by eligible holders.

*Declaration of Condominium*, p. 13, ¶ 22 (Exhibit A).

But if there is any question of how a Declaration of Condominium should be decided, North Carolina has addressed this issue clearly in a case directly on point that considered a Declaration of Condominium:

> This Court has previously held that the construction of unambiguous contract terms, including the terms of a homeowners' association declaration, presents a question of law. *Dep't. of Transp. v. Idol*, 114 N.C. App. 98, 100, 440 S.E.2d 863, 864 (1994*); see also Shearon Farms Townhome Owners Ass'n. II, Inc. v. Shearon Farms Dev., L.L.C*., 272 N.C. App. 643, 649-51, 847 S.E.2d 229, 234-36 (2020) (observing that a homeowners' association declaration is interpreted "under ordinary contract principles"

*Grooms Prop. Mgmt., Inc. v. Muirfield Condo. Ass'n*, 284 N.C. App. 369, 373, (2022) *review denied,* 883 S.E.2d 619 (N.C. 2023).

The interpretation of enforcement of the By-laws is also a question of law: "The first is a question of law: Does the enforcement of the provision of the bylaws voting provision violate § 362(a)(6) as an act to collect a debt?" *In re Gordon Properties, LLC*, 460 B.R. 681, 691 (Bankr.

3

E.D. Va. 2011). In the same way, how the collection against Mr. Rose (under the Presque By-laws) is regulated by 15 U.S.C. § 1692, *et seq.*, (the FDCPA), is a question of law. *See, First Owners' Ass'n of Forty Six Hundred v. Gordon Properties, LLC*, 470 B.R. 364 (E.D. Va. 2012). Given this overwhelming authority, this Court should view the questions regarding the Declaration of Condominium, the By-laws and the North Carolina statutes as questions of law.

BHS accuses Mr. Rose of making a circular argument. Mr. Rose is not making a circular argument; he is making a *modus ponens* argument:

1. Collection of an invalid debt is a violation of the FDCPA.
2. The debt that BHS attempted to collect was invalid.
3. Therefore, BHS violated the FDCPA.

The fact remains that there were steps taken by BHS that would be illegal even if the debt were valid. An example is when BHS contacted a party that is represented by counsel on a particular debt. In such a case the collection agency can only contact the debtor's attorney about that debt. This fact happened in this case, as pleaded in the Amended Complaint, ¶ 230. (Doc. 4). BHS is incorrect when it asserts that "Plaintiff argues no facts that support a conclusion that BHS violated the statute if the debt was valid." *Response in Opposition*, p.9. (Doc. 40). In fact, summary judgment for all of the claims against BHS must be granted if the debt BHA was collecting was invalid.

## NO CONSUMER IS REQUIRED TO PAY A DEBT THEY DO NOT OWE

In a Hail Mary Pass that would make Roger Staubach proud, BHS would have this Court believe that even if the HOA was improperly and unlawfully assessing a debt against Mr. Rose, he somehow is obligated to pay it. The problem is that if the HOA does not follow the rules in assessing debt, then it hasn't actually assessed any debt, because there is no rule or contract

4

clause that creates in Mr. Rose a debt that should never be assessed. The mechanism simply is not there. Mr. Rose does not have to undo a debt that does not exist.

## FDCPA CLAIMS CAN BE RESOLVED ON SUMMARY JUDGMENT

Many courts have granted summary judgment in favor of the Plaintiff on claims pursuant to the FDCPA, and for the same claims made against BHS in this case. *See, Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385 (4th Cir. 2014); *United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131 (4th Cir. 1996); *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582 (D. Md. 1999).

The BHS communications to Mr. Rose contained false information: that he owed the debt listed in the dunning letters.[2] This Court will determine as a matter of law whether the debt was valid, as demonstrated supra. When this Court determines that the debt was not owed by Mr. Rose, then there is no triable issue of fact; no "genuine dispute as to any material fact," F. R. Civ. P. 56(a), and therefore Mr. Rose "is entitled to judgment as a matter of law." *Id*. A jury could not properly come to any other conclusion.

In like manner, if the debt is invalid Mr. Rose was never under any danger of foreclosure[3] and BHS could never have legally foreclosed on Mr. Rose's condominium.[4] Because the debt was invalid, BHS could not collect legal fees.[5] Again, without a valid debt, BHS could not foreclose on Mr. Rose's property.[6] Whether BHS provided a validation letter[7] can be determined on summary judgment and BHS points directly to the evidence for the court to consider. *Response in Opposition*, p. 18. (Doc. 40).

---

[2] The 15 U.S.C. § 1692e(4) violation.
[3] The 15 U.S.C. § 1692(e)(2) violation.
[4] The 15 U.S.C. § 1692(e)(5) violation.
[5] The 15 U.S.C. § 1692f(1) violation.
[6] The 15 U.S.C. § 1692f(6) violation.
[7] The 15 U.S.C. § 1692g violation.

5

**WHEREFORE,** the Plaintiff respectfully moves this Court to enter an order granting Summary Judgment to the Plaintiff which determines that the following:

1. The Declaration of Condominium and relevant statutes hold Presque liable for the cost of the repairs as described in the Amended Complaint;

2. BHS violated 15 U.S. Code § 1692e(2) and (4), § 1692f(1), and (6), and § 1692g; and,

3. Mr. Rose is entitled to such other and further relief as may be necessary, just, and proper.

**TODAY** is May 18, 2023.

            **COLLUM & PERRY**

By:  */s/ M. Shane Perry*
    Attorney for Plaintiffs
    NC Bar No. 35498
    109 W. Statesville Ave.
    Mooresville, NC 28115
    Telephone: 704-663-4187
    Fax: 704-663-4178
    shane@collumperry.com

## CERTIFICATE OF WORD COUNT

Pursuant to LR 7.3(d), this brief does not exceed 3,125 words.

**TODAY** is May 18, 2023.

            **COLLUM & PERRY**

By:  */s/ M. Shane Perry*
    Attorney for Plaintiffs
    NC Bar No. 35498
    109 W. Statesville Ave.
    Mooresville, NC 28115
    Telephone: 704-663-4187
    shane@collumperry.com

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
File No. 1:22-CV-478

| | |
|---|---|
| **HAYDEN SCOTT ROSE,**<br><br>                                    **Plaintiff**<br><br>v.<br><br>**PRESQUE ISLE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, Inc.,** *et al.*,<br><br>                                    **Defendants** | **REPLY TO RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Middle District of North Carolina, with notification being sent electronically to all counsel of record.

**TODAY** is May 18, 2023.

                                **COLLUM & PERRY**

By:     */s/ M. Shane Perry*
           Attorney for Plaintiffs
           NC Bar No. 35498
           109 W. Statesville Ave.
           Mooresville, NC 28115
           Telephone: 704-663-4187
           Fax: 704-663-4178
           shane@collumperry.com