19. **UNIT OWNERS POLICIES OF INSURANCE.**

The Owner of any Condominium Unit (including the holder of any mortgage thereon) may obtain additional insurance (including a "Condominium Unit Owner's Endorsement" for improvements and betterments to the condominium unit made or acquired at the expense of the owner) at the owner's expense.

20. **UNITS SUBJECT TO DECLARATION.**

All present and future owners, tenants, occupants of units and employees of owners and tenants shall be subject to, benefited by and shall comply with the provisions of this Declaration, by the By-Laws and any rules and regulations as may be adopted in accordance with the By-Laws. In accordance herewith, the Declaration, By-Laws and rules and regulations may be amended from time to time. The acceptance of a deed of conveyance or the entering into of a lease or the entering into occupancy of any unit shall constitute an agreement that the provisions of this Declaration, By-Laws, and any rules and regulations which may be adopted are accepted and ratified by such owner, tenant, or occupant and all of such provisions shall be deemed and taken to be covenants running with the land and shall bind any person having at any time any interest or estate in such unit as though provisions were made a part of each and every deed, conveyance or lease. When there are unsold units in the project, the Declarant also shall enjoy the same rights and assume the same duties under this Declaration as they relate to each unsold unit but for the payment of assessments on unsold or unoccupied units (see Paragraph 9).

21. **CONSTRUCTION.**

In interpreting any and all provisions of this instrument, the Exhibits attached hereto and subsequent deeds and deeds of trust covering individual units, the actual location of the unit shall be deemed conclusively to be the property intended to be conveyed, reserved or encumbered notwithstanding any minor deviations, either horizontally or vertically, from the locations indicated in Condominium File No. _____, Orange County Registry or in minor variations in the description of the unit contained herein. To the extent that such minor deviations in location do or shall exist, a valid easement therefor and for the maintenance thereof does and shall exist.

22. **AMENDMENT.**

The covenants and restrictions of this Declaration shall run with and bind the land, for a term of twenty (20) years from the date this Declaration is recorded, after which time they shall be automatically extended for successive periods of ten (10) years. For a period no longer than twenty-four (24) months after the initial filing of this Declaration in the Orange County Registry, the Declarant may unilaterally amend this Declaration without the consent or approval of other Unit Owners or eligible mortgage holders provided such amendments shall be exclusively for the purpose of (1.) correcting clerical errors, (2.) making changes in order to comply with Federal National Mortgage Association requirements, (3.) making permanent assignments of garages or parking spaces (if any), or (4.) making permanent assignments of

storage closets (if any) or (5) changing the percentages of common area ownership per unit when construction of additional buildings is completed (up to a maximum of 42 units). Otherwise, this Declaration may be amended during the first twenty-year period by an instrument signed by not less than sixty-seven percent (67%) of the Unit Owners. Any amendment must be recorded.

Amendments of a material nature shall be agreed to by Unit Owners who represent at least 67% of the total allocated votes in the Association and by eligible mortgage holders who represent at least 51% of the votes of unit estates that are subject to mortgages held by eligible holders. Unit Owner votes may be cast in person or by proxy at a meeting held in accordance with the provisions of the By-Laws. No such amendment shall be effective until set forth in an amended declaration and duly recorded in the Office of the Register of Deeds in Orange County, North Carolina. Upon recording, all the Unit Owners and their successors and assigns, shall be bound by said amendments.

A material change shall be considered as one which changes any of the following:

- voting rights;

- increases in assessments that raise the previously assessed amount by more than 25%, assessment liens, or the priority of assessment liens;

- reductions in reserves for maintenance, repair, and replacement of common elements;

- responsibility for maintenance and repairs;

- reallocation of interests in the general or limited common elements or rights to their use (except as provided in Paragraph 8 herein);

- redefinition of any unit boundaries;

- convertibility of units into common elements or vice versa;

- expansion or contraction of the project, or the addition, annexations, or withdrawal of property to or from the project;

- hazard or fidelity insurance requirements;

- imposition of any additional restrictions on the leasing of units;

- imposition of any restrictions on a Unit Owner's right to sell or transfer his or her unit;

- a decision by the Association to establish self-management if professional management had been required previously by Association documents or by an eligible mortgage holder;

- restoration or repair of the project (after damage or partial destruction) in a manner other than that specified in the documents; or

- any provisions that expressly benefit mortgage holders, insurers or guarantors.

Implied approval by an eligible mortgage holder shall be assumed when an eligible mortgage holder fails to submit a response to any written proposal for an amendment within thirty (30) days after it receives proper notice of the proposal, provided the notice was delivered by certified mail or registered mail with a "return receipt" requested.

This Declaration may further be unilaterally amended by the Declarant for the purpose of recording (1) a verified statement of a registered architect or licensed professional engineer certifying that the plans heretofore filed or being filed simultaneously with such amendment fully depicting the layout, ceiling and floor elevations, unit numbers and dimensions of the units as built; and (2) a certificate by a registered land surveyor stating that the plats or plans accurately depict the legal boundaries and the physical of the units and other improvements relative to those boundaries.

23. RIGHTS OF CONDOMINIUM MORTGAGE HOLDERS, INSURERS or GUARANTORS

Upon receipt of written request by a holder, insurer or guarantor of a mortgage on any unit in the project, the Association shall furnish timely written notice regarding the following:

- any condemnation or casualty loss that affects either a material portion of the project or the unit securing its mortgage;

- any 60-day delinquency in the payment of assessments or charges owed by the Unit Owner of any unit on which it holds the mortgage;

- a lapse, cancellation or material modification of any insurance policy maintained by the Association; and

- any proposed action that requires the consent of a specified percentage of eligible mortgage holders.

Any interested mortgage holder, insurer, or guarantor shall send a written request to the Association stating both its name and address and the unit number or address of the unit on which it has (or insurers or guarantees) the mortgage.

24. SEVERABILITY.

The invalidity of any provisions of the Declaration shall not be deemed to impair or affect in any manner the validity and enforceability or effect the remainder of this Declaration,

and in such event, all of the other provisions of this Declaration shall continue in full force and effect as if such invalid provisions had never been included herein.

25. WAIVER.

No provision contained in this Declaration shall be deemed to have been abrogated or waived by reason of any failure to enforce the same, irrespective of the number of violations or breaches which may occur.

26. GOVERNING LAW.

This Declaration and the By-Laws attached hereto shall be construed and controlled by and under the laws of the State of North Carolina.

27. DEFINITION.

Any terms used herein which are defined in the North Carolina Condominium Act shall have the meaning specified in the Act unless a contrary intention fairly appears.

IN WITNESS WHEREOF, the Declarant has hereunto set its hand and seal this the day and year first above written.



(CORPORATE SEAL)

ARD GROUP, INC. a North Carolina Corporation

By: _____
President

Attest:
By: _____
Secretary

-15-